In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-3372

RICKY LOTT, GERALD SUMNER,
SANDY BECKER, AND MIKE BALDWIN,

*Plaintiffs-Appellees,*

*v.*

PFIZER, INC.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CV 230—**Michael J. Reagan**, *Judge.*

ARGUED MARCH 29, 2007—DECIDED JUNE 25, 2007

Before FLAUM, EVANS, and WILLIAMS, *Circuit Judges.*

FLAUM, *Circuit Judge.* On February 17, 2005, the plaintiffs filed a purported class action lawsuit against Pfizer in Illinois state court. Pfizer removed the case under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), but the district court remanded it after concluding that CAFA only applies to lawsuits filed on or after February 18, 2005. The court then awarded the plaintiffs $23,664.83 in attorneys' fees and costs under 28 U.S.C. § 1447(c). Pfizer appeals the award of fees and costs. For the following reasons, we reverse.

## I. Background

Hoping to avoid removal to federal court, the plaintiffs filed a purported class action lawsuit in Madison County Circuit Court on February 17, 2005—the day before President Bush enacted CAFA, a law that gives federal courts jurisdiction to hear class action lawsuits involving minimally diverse parties and more than five-million dollars in controversy. 28 U.S.C. § 1332(d). The plaintiffs' complaint alleged that Pfizer misrepresented the health hazards associated with two drugs, Celebrex and Bextra, and charged more for the drugs than their fair market value. They sought compensatory damages and attorneys' fees under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a.

Although CAFA, by its terms, applies only to "civil action[s] commenced on or after the date of enactment of th[e] Act," Pub. L. No. 109-2, § 9, 119 Stat. 4, 13 (2005), Pfizer filed a notice of removal in federal district court on April 1, 2005. In response to the plaintiffs' motion for remand, Pfizer argued that the case "commenced" on the date that it was removed to federal court, not the date on which the plaintiffs filed their complaint. Pfizer also asserted, under two different theories, that removal was appropriate because the case satisfied the requirements for traditional diversity jurisdiction under 28 U.S.C. § 1332(a). For their part, the plaintiffs contended that the case commenced on the day it was filed in state court and that the district court lacked diversity jurisdiction because the plaintiffs had disclaimed damages in excess of $75,000.

On May 26, 2005, the district court ruled that it lacked subject matter jurisdiction and remanded the case to state court. It found that the suit commenced on February 17, 2005 and that the case did not satisfy the requirements for diversity jurisdiction. It also awarded

the plaintiffs their attorneys' fees and costs under 28 U.S.C. § 1447(c). It cited Seventh Circuit case law holding that fees and costs should be awarded as "normal incidents of remands for lack of jurisdiction." *Citizens for a Better Env't v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000). The district court then referred the case to a magistrate judge to determine the precise amount of fees and costs.

On August 4, 2005, this Court affirmed the district court's ruling that it lacked subject matter jurisdiction. *Pfizer, Inc. v. Lott*, 417 F.3d 725, 727 (7th Cir. 2005). We held, citing *Knudsen v. Liberty Mutual Insurance Co.*, 411 F.3d 805 (7th Cir. 2005), that "commenced" means "filed" and not "removed." *Id.* We also held that Pfizer offered no evidence that someone in the class satisfied the diversity jurisdiction statute's amount in controversy requirement. *Id.* at 726 (noting that to invoke the district court's diversity jurisdiction, Pfizer had to show that one class member suffered damages in excess of $75,000). The Court did not consider the propriety of the district court's award of fees and costs, however, because the magistrate judge was still resolving the award's precise amount.

On December 7, 2005, the Supreme Court issued *Martin v. Franklin Capital Corporation*, 546 U.S. 132, ___, 126 S. Ct. 704, 711 (2005), and held that a district court may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. On December 21, 2005, Pfizer filed a motion to reconsider the fee award in light of *Martin*, but the district court denied the motion. The court held that *Martin* did not apply retroactively and, therefore, did not affect the outcome of the previous decision. Alternatively, the district court held that Pfizer's attempt to remove the case based on diversity jurisdiction was objectively unreasonable. *Lott v. Pfizer, Inc.*, No. 05-CV-230, 2006 WL

2224155, *3 (S.D. Ill. Aug. 2, 2005). Notably, the district court did not assess the reasonableness of Pfizer's attempt to remove the case under CAFA. Pfizer appeals the district court's denial of its motion to reconsider.

## II.  Analysis

A defendant may remove a civil action from state court if it is one over which a district court has original jurisdiction. 28 U.S.C. § 1441(a). Removal must occur within thirty days of the defendant's receipt of the complaint or within thirty days of the date that removal becomes possible. *Id.* § 1446(b). "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* § 1447(c). We review a district court's award of fees and costs under § 1447(c) for an abuse of discretion. *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006); *Hart v. Wal-Mart Stores, Inc. Associates' Health and Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004) (pre-*Martin* case).

In *Martin*, the Supreme Court resolved a circuit split over the correct standard for awarding attorneys' fees under § 1447(c). *Compare, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) ("Fees should only be awarded if the removing defendant lacked objectively reasonable grounds to believe the removal was legally proper.") (internal quotation omitted), *with Sirotzky v. N.Y. Stock Exch.,* 347 F.3d 985, 987 (7th Cir. 2003) ("[P]rovided removal was improper, the plaintiff is *presumptively* entitled to an award of fees.") (emphasis in original). The Court adopted the Fifth Circuit's approach and held that plaintiffs are entitled to attorneys' fees under § 1447(c) only if the defendant "lacked an objectively reasonable basis for seeking removal." *Martin*, 126 S. Ct. at 711. As a policy matter, it pointed out that "[i]f

fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." *Id.* The Court noted that Congress would not have conferred a right to remove and then discouraged its exercise in all but the obvious cases. *Id.*

The parties agree that the district court erred by concluding that *Martin* does not govern this dispute. Supreme Court decisions announcing a rule of federal law always govern civil cases pending in the district courts. *See Raines v. Shalala*, 44 F.3d 1355, 1363 (7th Cir. 1995). The only question, therefore, is whether either of Pfizer's two bases for removal was objectively reasonable.

In *Martin*, the Supreme Court did not have occasion to define "objectively reasonable" because the parties agreed that the defendant's basis for removal was reasonable. *Id.* at 712. It approved, however, a Fifth Circuit decision that applied the objectively reasonable standard by examining the clarity of the law at the time the notice of removal was filed. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). In *Valdes*, Wal-Mart attempted to remove a case based on the plaintiff's fraudulent joinder. The court noted that it had upheld removal in analogous circumstances and that applicable state law suggested that the plaintiff's cause of action against the non-diverse defendant lacked merit. As a result, the court held that Wal-Mart could have concluded from the case law that its position was reasonable.

Of course, there are other contexts in which courts determine whether an act is objectively reasonable by examining the clarity of the case law. The qualified immunity doctrine assumes that state officials are aware of existing case law and holds officials liable only if they violate clearly established and particularized rights. *See Brosseau v. Haugen*, 543 U.S. 194, 199 (2004). The doctrine balances society's desire to punish those who

knowingly violate the law with a need for zealous law enforcement, and, as such, allows state officials to make reasonable errors without worrying about being sued. *See Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

As discussed above, *Martin'*s objectively reasonable standard—like the qualified immunity doctrine's objectively reasonable standard—also balances competing interests. Congress, in passing the removal statute, encouraged defendants to remove certain cases to federal court, while at the same time discouraged defendants from delaying the resolution of claims by removing cases without legal justification. *Martin*, 126 S. Ct. at 711. Indeed, just as the qualified immunity doctrine attempts to protect zealous law enforcement, the removal statute encourages litigants to make liberal use of federal courts, so long as the right to remove is not abused. *Id.*

For this reason, our qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant had an objectively reasonable basis for removal. As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

Here, the district court erred by awarding the plaintiffs' attorneys' fees because Pfizer's attempt to remove the case under CAFA was objectively reasonable. When Pfizer filed its notice of removal, no circuit court had rejected Pfizer's argument that the word "commenced" means the date on which a case is removed to federal court. A few district courts had rejected the argument, *see Hankins v. Pfizer, Inc.*, No. CV-1797-ABC-RZ, 2005 U.S. Dist. LEXIS 17191, *3 (C.D. Cal. Mar. 25, 2005); *Smith v.*

*Pfizer, Inc.*, No. 05-CV-0112, 2005 WL 3618319, *5 (S.D. Ill. Mar. 24, 2005); *Pritchett v. Office Depot, Inc.*, 360 F. Supp. 2d 1176, 1180 (D. Colo. 2005), but a number of other district courts had held, in cases decided shortly after Congress raised the amount in controversy requirement for diversity cases, that "commenced" means the date on which a case is removed to federal court. *See Cedillo v. Valcar Enters. & Darling Del. Co.*, 773 F. Supp. 932, 939 (N.D. Tex. 1991); *Hunt v. Transport Indem. Ins. Co.*, No. Civ. 90-00041 ACK, 1990 WL 192483, *5 (D. Haw. July 30, 1990); *Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co.*, 166 F. Supp. 319, 323 (E.D.N.Y. 1958). District court decisions, let alone conflicting district court decisions, do not render the law clearly established. *See Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995). Accordingly, Pfizer acted reasonably when it attempted to remove this case under CAFA.

The plaintiffs argue that Pfizer should have known that its construction of CAFA was wrong for two other reasons: because the legislative history indicates that "commenced" means the date on which a case was filed and because Pfizer lobbied Congress about CAFA. We reject both arguments. First, the legislative history that the plaintiffs cite is unpersuasive. They quote two congressmen and three senators who said that CAFA was not retroactive and would not affect matters currently pending in state court. Two of the legislators voted against the bill, so their views on the law's meaning do not bear on the legislature's intent. *See Selective Serv. Sys. v. Minn. Pub. Interest Research Group*, 468 U.S. 841, 855 n.15 (1984) (stating that statements of legislators who oppose a bill are entitled to "little, if any, weight"). Additionally, individual legislators' statements are of minimal value when it comes to interpreting statutes. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979) ("The remarks of a single legislator, even the sponsor, are not controlling in

analyzing legislative history."). Pfizer's basis for removal was not unreasonable simply because it conflicted with three legislators' understanding of the statute.

The plaintiffs also argue that Pfizer's basis for removal was objectively unreasonable because Pfizer had an inside track on what the word "commenced" means, given that it lobbied Congress for CAFA's passage. As Pfizer points out, however, our review is for objective, as opposed to subjective, reasonableness. The test is whether the relevant case law clearly foreclosed the defendant's basis of removal, not whether the defendant had some special insight into the legislative process.

Because Pfizer had an objectively reasonable basis for seeking removal, the district court erred by awarding the plaintiffs their attorneys' fees under § 1447(c). *See Martin*, 126 S. Ct. at 711. As a result, we need not consider whether Pfizer's attempt to invoke the district court's diversity jurisdiction was also reasonable.

### III.  Conclusion

The Court REVERSES the district court's award of attorneys' fees and costs.

A true Copy:

      Teste:

 

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
