Carter **KALBFLEISCH,** by his Next
Friend, Christopher **KAL-
BFLEISCH, Plaintiff,**

v.

**COLUMBIA COMMUNITY UNIT
SCHOOL DISTRICT UNIT
NO. 4, Defendant.**

**Civil No. 09–542–GPM.**

United States District Court,
S.D. Illinois.

Aug. 5, 2009.

Jeremy Thompson, Anthony P. Gilbreth, Crowder & Scoggins, Columbia, IL, for Plaintiff.

Christi L. Flaherty, Robbins, Schwartz et al., Collinsville, IL, for Defendant.

### MEMORANDUM AND ORDER

MURPHY, District Judge:

This case is before the Court on the motion brought by Plaintiff Carter Kalbfleisch, by his Next Friend, Christopher Kalbfleisch, for remand of the case to state court (Doc. 7). On July 17, 2009, Christopher Kalbfleisch filed this action on behalf of Carter Kalbfleisch, his minor son, in the Circuit Court of the Twentieth Judicial Circuit, Monroe County, Illinois, seeking an injunction to compel officials of Defendant Columbia Community Unit School District Unit No. 4 ("the School District") to permit Carter, who is autistic, to bring a service dog with him to school, as the complaint in this case alleges they are required to do pursuant to Section 14–6.02 of the Illinois School Code, 105 ILCS 5/1–1 et seq.[1] On July 21, 2009, the School District removed the case to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441, alleging that the case arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Carter, through Christopher, now has moved for remand of this case to state court, as noted, for lack of federal subject matter jurisdiction. The School District has not yet responded to the motion, but the Court has reviewed the record of this case carefully and deems a response unnecessary to resolution of the motion. The Court now rules as follows.

■ Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." Kitson v. Bank of Edwardsville, Civil No. 06–528–

---

1. Section 14–6.02 of the Illinois School Code, entitled "Service Animals," provides, "Service animals such as guide dogs, signal dogs or any other animal individually trained to perform tasks for the benefit of a student with a disability shall be permitted to accompany that student at all school functions, whether in or outside the classroom." 105 ILCS 5/14–6.02.

GPM, 2006 WL 3392752, at *1 (S.D.Ill. Nov. 22, 2006). The party seeking removal has the burden of establishing federal jurisdiction. *See Welch v. Norfolk S. Ry. Co.*, Civil No. 09–209–GPM, 2009 WL 2365596, at *1 (S.D.Ill. May 27, 2009). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* (quoting *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993)). Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09–519–GPM, 2009 WL 2356141, at *2 (S.D.Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). *See also Littleton v. Shelter Ins. Co.*, No. 99–912–GPM, 2000 WL 356408, at *1 (S.D.Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

■■■ The central issue before the Court is whether this case arises under federal law and thus is removable to federal court as being within original federal subject matter jurisdiction.[2] In general, of course, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction under Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986 (7th Cir.2000). "[T]he paramount policies embodied in the well-pleaded complaint rule ... [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar*, 482 U.S. at 398–99, 107 S.Ct. 2425. Importantly, the well-pleaded complaint rule requires generally that a complaint state a claim for relief under federal law. As Justice Holmes explained, "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916). *See also Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 909 (7th Cir. 2007). Restricting federal question jurisdiction to cases asserting claims for relief under federal law, in addition to preserving a plaintiff's right to choose his or her forum, also "severely limits the number of cases ... that may be initiated in or removed to federal district court, thereby avoiding more-or-less automatically a number of potentially serious federal-state conflicts." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The policy underlying the well-pleaded complaint rule of protect-

---

**2.** The instant motion for remand challenges the removal of this case both on the grounds of lack of subject matter jurisdiction and a procedural defect in removal, specifically, the School District's failure to comply with the requirement that a defendant seeking removal of an action attach to its notice of removal "a copy of all process, pleadings, and orders served upon such defendant ... in such action" in state court. 28 U.S.C. § 1446(a). A failure to comply with Section 1446(a) ordinarily is not grounds to deny removal, *see Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 741–42 (7th Cir.1967); *Boxdorfer v. Daimlerchrysler Corp.*, 396 F.Supp.2d 946, 950–51 (C.D.Ill.2005), but the Court admonishes counsel for the School District to comply strictly with all of the procedural requirements for removal in the future.

ing the proper balance of power as between federal and state courts dovetails with the policy favoring narrow construction of removal. As this Court has observed in the past, "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, ... which mandate strict construction of the removal statute." *Kuntz v. Illinois Cent. R.R. Co.,* 469 F.Supp.2d 586, 590 (S.D.Ill.2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365–66 (5th Cir. 1995)).

In this case no issue of federal law appears on the face of the complaint and instead the sole legal authority relied upon in the complaint is, as already has been noted, Section 14–6.02 of the Illinois School Code. It seems very likely that the only way the IDEA will enter into this case, if at all, is by way of a defense, e.g., that the statutory requirement that the School District furnish Carter with a free appropriate public education ("FAPE") does not compel the School District to permit the child to bring a service dog to school with him or that Carter, through his parents, must first have recourse to administrative proceedings to determine what a FAPE is on the facts of this case before pursuing a remedy in court. However, it is well settled that the mere fact that a claim arising under state law is susceptible to a defense based on federal law cannot confer federal question jurisdiction. "A case arises under federal law within the meaning of § 1331 only when the claim for relief depends in some way on federal law, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Vorhees v. Naper Aero Club, Inc.,* 272 F.3d 398, 402 (7th Cir.2001) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)). "This is the 'well-pleaded complaint' rule that every first-year law student learns was established in *Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). Under that rule, federal courts may look only to the well-pleaded complaint, and not to any possible or anticipated defenses, to determine if the case arises under federal law." *Id.* In the specific context of removal, this means that a defendant cannot remove a case arising under state law solely on the basis of a defense arising under federal law. A federal question "that merely serves as a defense to a state law action ... does not confer federal question jurisdiction.... Thus the defendant cannot cause a transfer to federal court simply by asserting a federal question in his responsive pleading." *Rice v. Panchal,* 65 F.3d 637, 639 (7th Cir.1995). *See also Lister v. Stark,* 890 F.2d 941, 943 n. 1 (7th Cir.1989) (noting that "a case must be remanded to state court if the sole basis for federal jurisdiction is a ... defense" based on federal law); *Husko v. Geary Elec., Inc.,* 316 F.Supp.2d 664, 670 (N.D.Ill.2004) (noting that an affirmative defense based on federal law "does not trump the well-pleaded complaint rule" in cases removed to federal court).[3]

Although no federal question appears on the face of the complaint in this

---

**3.** Because no issue of federal law appears on the face of the complaint in this case, the Court need not consider whether, notwithstanding the fact that Carter's claim arises under state law, this case nonetheless presents a substantial federal question for purposes of subject matter jurisdiction on removal. *See Grable & Sons Metal Prods., Inc. v.* *Darue Eng'g & Mfg.,* 545 U.S. 308, 312–20, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (citing *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 806–14, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)); *Bennett,* 484 F.3d at 909–12; *Kuntz,* 469 F.Supp.2d at 594–99; *Fuller v. BNSF Ry. Co.,* 472 F.Supp.2d 1088, 1093–96 (S.D.Ill.2007).

case, the Court nonetheless must determine whether federal law completely preempts state law in this instance so as to permit removal of this case. In a limited class of cases an action may arise under federal law within the meaning of 28 U.S.C. § 1331 even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466–67 (7th Cir.2005) (quoting *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 467. "In such situations, the federal statute ... not only preempt[s] state law but also authorize[s] removal of actions that sought relief only under state law." *Id.* Complete preemption is a narrow exception to the well-pleaded complaint rule. The Supreme Court of the United States has found complete preemption as to only four federal laws: the Labor Management Relations Act of 1947 (also known as the Taft–Hartley Act), 29 U.S.C. § 141 *et seq., see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559–60, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); a treaty concerning Native American tribal land, *see Oneida Indian Nation of N.Y. v. Oneida County, N.Y.*, 414 U.S. 661, 681–82, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq., see Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); and the National Bank Act, 12 U.S.C. § 21 *et seq. See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8–11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

For purposes of establishing complete preemption, the "touchstone of the federal district court's removal jurisdiction is ... the intent of Congress." *Metropolitan Life*, 481 U.S. at 66, 107 S.Ct. 1542. In *Beneficial National Bank* the Court instructed further that complete preemption will be found only when the "federal statute[ ] at issue provide[s] the exclusive cause of action for the claim asserted and also set[s] forth procedures and remedies governing that cause of action." 539 U.S. at 8, 123 S.Ct. 2058. In the Seventh Circuit, to establish that a federal statute is completely preemptive of state law so as to permit removal, a defendant must show that a statute evinces a clear Congressional intent that state-law claims be removable under the statute and that the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law. "Complete ... preemption exists where ... Congress has so completely preempted a particular area that no room remains for any state regulation and the complaint would be ... necessarily federal in character." *Rogers v. Tyson Foods, Inc.*, 308 F.3d 785, 787 (7th Cir.2002) (quoting *Bastien*, 205 F.3d at 986). Further, "[w]e find complete preemption where there is a ... congressional intent in the enactment of a federal statute not just to provide a federal defense to a state created cause of action but to grant a defendant the ability to remove the adjudication of the cause of action to a federal court by transforming the state cause of action into a federal cause of action." *Id.* at 788 (emphasis omitted). The Court finds nothing in the IDEA to suggest that it was intended to displace all state law with respect to the education of disabled

persons and indeed, as a sister federal court noted in finding that the IDEA does not completely preempt state-law claims for purposes of removal, "the IDEA specifically contemplates an elaborate interrelation of state and federal regulation" in the area of special education. *Evergreen Sch. Dist. v. N.F.*, 393 F.Supp.2d 1070, 1075 (W.D.Wash.2005) (citing *D.H. v. Ashford Bd. of Educ.*, 1 F.Supp.2d 154 (D.Conn. 1998)). *See also John B. v. Board of Educ. of City of Chicago*, No. 95 C 1679, 1995 WL 135541, at \*\*1–2 (N.D.Ill. Mar. 22, 1995) (holding that the IDEA is not a complete preemption statute for purposes of removal to federal court). The Court concludes that the IDEA does not completely preempt state law so as to permit removal of this case in federal question jurisdiction.

 As a final matter, the Court addresses the question of an award of costs and expenses pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. In the Seventh Circuit objective unreasonableness of removal is established only where a removal violates Seventh Circuit law as established by the decisions of the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793–94 (7th Cir.2007); *Roche v. Country Mut. Ins. Co.*, Civil No. 07–367–GPM, 2007 WL 2003092, at \*7 (S.D.Ill. July 6, 2007). As no binding authority in the Seventh Circuit has addressed the question of whether the IDEA completely preempts state law so as to permit removal of cases to federal court, the Court cannot conclude that the removal of this case was objectively unreasonable. Therefore, the Court will not award costs and expenses pursuant to Section 1447(c).

To conclude, the motion for remand in this case (Doc. 7) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, Monroe County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**