Filed 3/20/13  Marriage of Taylor CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re Marriage of CLARANCE and RUGENIA F. TAYLOR. | B230322 (Los Angeles County Super. Ct. No. BD432678) |
| CLARANCE TAYLOR, Respondent, v. RUGENIA F. TAYLOR, Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas T. Lewis, Judge.  Affirmed.

Rugenia F. Taylor, in pro. per., for Appellant.

Keith M. Clemens; and Law Offices of Linda M. Bodlander and Linda M. Bodlander, for Respondent.

_____

Representing herself, as she did during much of the dissolution proceedings in the trial court, Rugenia F. Taylor appeals from the judgment entered after the court struck her response to Clarance Taylor's petition for dissolution and entered her default. Rugenia[1] contends the court abused its discretion in imposing terminating sanctions, failing to postpone the trial after being advised of her mental health problems and continuing to exercise jurisdiction after the case had been removed to federal court. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Clarance and Rugenia were married on September 3, 1988 and separated on October 31, 2001. Clarance filed a petition for dissolution of the marriage in propria persona on September 7, 2005; Rugenia filed her response on June 2, 2006.

1. *The Parties' Representation Status*

Clarance represented himself in the dissolution proceedings from the filing of his petition until June 19, 2008—several weeks after an ex parte temporary restraining order was entered against him under the Domestic Violence Protection Act (DVPA) (Fam. Code, § 6200 et seq.) and shortly before the hearing on Rugenia's application for a permanent DVPA injunction. Rugenia was initially represented by counsel. On January 16, 2009 Rugenia's attorney moved to be relieved as counsel. That motion was granted over Rugenia's objection at a hearing on March 4, 2009, which Rugenia attended. Rugenia was self-represented thereafter.

2. *Discovery Requests and the Motions To Compel Responses*

On June 24, 2008, the scheduled hearing date for Rugenia's DVPA application, Clarance and Rugenia and their respective counsel entered into a written stipulation and proposed order dismissing with prejudice the temporary restraining order and the pending injunction application and detailing a series of procedures to inventory and account for the parties' assets and liabilities. At approximately the same time, while Rugenia was

---

[1]     As is customary in family law proceedings, we refer to the parties by their first names for clarity and convenience. (See *In re Marriage of Left* (2012) 208 Cal.App.4th 1137, 1139, fn. 1; *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1136, fn. 1.)

2

still represented by counsel, Clarance served three sets of discovery demands on Rugenia (family law form interrogatories, a demand for production of documents and special interrogatories). No timely responses were filed.

Shortly after Rugenia began representing herself in March 2009, Clarance served motions to compel the still-outstanding discovery from Rugenia and set a hearing on the motions for May 20, 2009, the same day scheduled for hearings on discovery and other motions previously filed by Rugenia. On May 19, 2009, the day prior to the hearing, Rugenia filed several additional documents in the trial court, including one entitled, in part, "Judicial Notice of Special and Limited Visitation Caveat Notice of Removal of State Clerk Praxis to Federal Court: Request for Appointed Article III Court justice, Waiver None ever." Another of the documents is captioned, "Notice of Removal under 28 United States Code 1446 section 576 [¶] Removal of State Praxis Admiral in Rem Article II Court Proceeding, due to Commercial Dishonor of Notice of Intent to Redeem CUSIP Bond & Post Full Settlement and Closure . . . ." She also filed a notice of stay of proceedings on a form adopted for mandatory use by the Judicial Council (CM-180), checking the box for an automatic stay caused by a filing in another court. Attached to that form is a "Notice of Removal under 28 United States Code 1443(1)," which reflects it was lodged in the United States District Court for the Central District of California on May 19, 2009. The Notice of Removal itself, however, does not identify the state court dissolution proceedings either by case name or number.

On May 20, 2009 the family law court held the scheduled hearing on Clarance's discovery motions and Rugenia's pending motions. Both Clarance, represented by counsel, and Rugenia were present. The court reviewed Rugenia's pleadings and determined there was no automatic stay in force or any order that deprived the court of jurisdiction. The court granted Clarance's motions, ordering Rugenia to respond to the discovery propounded, and denied Rugenia's discovery motions as moot in light of Clarance's service of responses. Requests for attorney fees and costs as sanctions were continued to the time of trial.

3

3. *Trial Setting and Rugenia's Second Notice of Removal*

On May 24, 2010 Clarance requested the matter be set for trial. A trial setting conference was thereafter scheduled for September 3, 2010. On July 1, 2010 Clarance moved to advance the date of the trial setting conference, so that a trial date could be set and the trial started within five years of the September 7, 2005 filing of the petition for dissolution. On July 7, 2010 Rugenia lodged in the United States District Court for the Central District of California a document entitled, "Removal," and captioned "Clarance Taylor, Plaintiff v. Rugenia F. Peoples aka Rugenia F. Taylor, Defendant." The body of the document identified by case number the instant dissolution action. On July 13, 2010 she filed a notice of removal in the family law action, attaching a copy of the removal document that had been lodged several days earlier in federal court.

On August 4, 2010 the court advanced the trial setting conference to August 11, 2010 and ordered Clarance to serve the notice of ruling on Rugenia by hand delivery at her "current address of record, which is Respondent's post office box." At the hearing on August 11, 2010 the court continued the trial setting conference and, by reason of Rugenia's nonappearance, on its own motion issued an order to show cause re imposing sanctions, striking Rugenia's pleading and entering her default. The hearing on the order to show cause was set for September 3, 2010. In addition, the court ordered Rugenia to serve her preliminary and final declaration of disclosure by September 2, 2010.

The record on appeal (a one-volume clerk's transcript prepared pursuant to Rugenia's notice designating record on appeal and a two-volume augmented record, including several reporter's transcripts, filed with our permission by Clarance) omits most of the federal court proceedings; but, presumably with respect to an appeal relating to the notice of removal Rugenia had lodged, on August 31, 2010 the Ninth Circuit Court of Appeals ordered Rugenia to file a motion to proceed in forma pauperis, pay docketing and filing fees or show cause why her appeal should not be dismissed. On October 18, 2010 the appeal was dismissed for failure to respond to the court's August 31, 2010 order.

4

Rugenia did not appear at the September 3, 2010 hearing on the order to show cause and did not contact the court to explain her nonappearance. The court struck Rugenia's response and entered her default in the dissolution proceedings. The court then found that Rugenia had frivolously claimed the superior court had no jurisdiction to enter a judgment in the dissolution proceeding "based on her interpretation of the United States Constitution that provides only a federal district court can hear matters under the U.S. Constitution"[2] and had failed to appear in court on several occasions or to cooperate with payment of discovery sanctions and previous discovery orders. Accordingly, the court ordered Rugenia to pay sanctions to the court of $1,500 and attorney fees of $3,000 to Clarance's counsel, both payments to be made by December 15, 2010. The court then began the trial, asking Clarance jurisdictional questions concerning his residence and the existence of irreconcilable differences leading to the total breakdown of his marriage, thereby resolving any concern about the five-year rule. The matter was continued to November 12, 2010, and Clarance's counsel was ordered to provide notice of the entry of the default, the sanctions order, the attorney fee order and the continuance of the trial date.

Trial resumed on November 12, 2010. Clarance and his counsel were present. Once again Rugenia did not appear, but the court stated for the record it had received "an envelope of documents which on its face originally looked like it might be a custody evaluation. It appears to be a series of documents that were mailed to me by [Rugenia], addressed to me personally. Once I opened it and saw that it was something other than a custody report, I closed it up and put it in the file. I have not inspected its contents further." The court stated the documents would not be received in evidence, but allowed counsel for Clarance to examine them. Clarance's counsel then notified the court she had received a single-page letter, addressed "to whom it may concern," from a physician stating Rugenia suffers from various psychiatric disabilities.

_____

[2] The court additionally commented, "Apparently someone never told her about the Tenth Amendment or the state courts."

Following a recess the court heard testimony from Clarance and reviewed documents, received into evidence, concerning various financial matters.  The court announced its decision from the bench and directed counsel for Clarance to prepare a judgment of dissolution of marriage.[3]  Judgment was entered on December 20, 2010, dissolving the marriage, identifying and dividing community property, confirming separate property and ordering certain reimbursements and equalizing payments.

## CONTENTIONS

Rugenia contends the court abused its discretion in imposing terminating sanctions by striking her response and entering her default based on her failure to respond to discovery or to appear at court proceedings; the court should have stayed or postponed all proceedings after it learned she had mental health problems; and the court lacked jurisdiction to issue any orders after the case had been removed to federal court.

## DISCUSSION

### 1. *The Trial Court Did Not Abuse Its Discretion in Imposing Sanctions for Rugenia's Repeated Failure To Participate in the Dissolution Proceedings*

The trial court has broad discretion to impose sanctions for violations of court orders, including those intended to compel compliance with a party's disclosure and discovery obligations, subject to reversal only for arbitrary or capricious action.  (*Parker v. Wolters Kluwer United States, Inc*. (2007) 149 Cal.App.4th 285, 297; see, e.g., *Laguna Auto Body v. Farmers Ins. Exchange* (1991) 231 Cal.App.3d 481, 489 ["[w]here, as here, the record is replete with instances of delay and failure to comply with a court order, dismissal may be proper" disapproved on another point by *Garcia v. McCuthchen* (1997) 16 Cal.4th 469, 478, fn. 4]; *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 992 ["'where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules,

---

[3]  The court was advised neither party had requested spousal support in the petition or the response, and both had requested that jurisdiction be terminated over spousal support.  The court stated, "That will be the order."

6

the trial court is justified in imposing the ultimate sanction'"].)  Nonetheless, terminating sanctions based upon procedural errors "'"have been held to be an abuse of discretion unless the party's violation of the procedural rule was willful [citations] or, if not willful, at least preceded by a history of abuse of pretrial procedures, or a showing [that] less severe sanctions would not produce compliance with the procedural rule."'"  (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364, fn. 16; *Del Junco v. Hufnagel* (2007) 150 Cal.App.4th 789, 799 ["[t]rial courts should only exercise this authority in extreme situations"]; *Security Pacific Nat. Bank v. Bradley* (1992) 4 Cal.App.4th 89, 97-98 ["[s]anctions which have the effect of granting judgment to the other party on purely procedural grounds are disfavored"].)

Criticizing her former counsel at length and badly misconstruing the course of proceedings in the trial court, Rugenia asserts the terminating sanctions imposed in this case resulted from her lawyer's failure to respond to Clarance's discovery demands and to adequately advise her of her responsibilities once he had decided to withdraw as her counsel.  She argues she should not have been penalized for the "gross professional negligence of her then attorney of record."

The record belies Rugenia's contention.  Whatever fault her former attorney bears for failing to timely respond to discovery, Clarance's motions to compel responses were not filed and served until after the trial court had granted that lawyer's motion to be relieved as counsel.  The hearing on the motions was set for the same date as the hearing on discovery motions filed by Rugenia.  Although Rugenia filed additional papers in the dissolution proceedings prior to that hearing, she neither responded to the outstanding discovery nor opposed Clarance's motions.  At the hearing, which Rugenia attended, the court ordered her to respond to the outstanding discovery.

Notwithstanding those court orders Rugenia thereafter failed to provide any discovery responses, even after the court issued an order to show cause re sanctions.  In addition, at a subsequent noticed hearing the court ordered Rugenia to file her preliminary and final declarations of disclosure, which would include information

7

regarding the characterization and valuation of the parties' assets and obligations, prior to the date set for trial. (See Fam. Code, §§ 2103-2105.) Again, Rugenia failed to comply with the court order or otherwise to provide the financial information necessary for the court to properly determine Clarance's and Rugenia's respective interests in their property. Moreover, Rugenia failed to appear for several noticed hearings and did not notify the court in advance that she was unable to attend or afterward to explain why she had not been present. Under these circumstances, and given the age of the case, the court's decision to enter Rugenia's default and to proceed on the basis of the financial information submitted by Clarance was well within its ample discretion. (See *Elkins v. Superior Court, supra,* 41 Cal.4th at p. 1364, fn. 16; *Del Junco v. Hufnagel, supra,* 150 Cal.App.4th at pp. 799-800.)

Rugenia additionally contends her failure to attend scheduled hearings was not willful or intended to be disrespectful to the court. Referring to her ongoing mental problems, she says her illness prevented her from participating in the dissolution proceedings. However, nothing in the record indicates Rugenia notified the court of any purported physical or mental health issues except immediately prior to the November 12, 2010 hearing, an issue we discuss below. At no time did Rugenia ask the court to extend her time to respond to discovery, to continue a hearing or to relieve her of default based on her poor physical or mental health or lack of cognitive capacity. Those matters cannot be raised for the first time on appeal. (See *Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603; *Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 412; see also *Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 988-989.)

2. *Completing Trial on November 12, 2010 Was Not an Abuse of Discretion*

A November 2, 2010 letter directed "to whom it may concern" and signed by Dr. Adrian Mirea, a psychiatrist at the Kaiser Permanente Department of Psychiatry, stated Rugenia had been his patient since May 2008 and had been diagnosed with major depressive disorder, posttraumatic stress disorder and adjustment disorder with anxiety. After describing some of her symptoms, Dr. Mirea gave his professional opinion that

8

Rugenia "lacks capacity to represent herself in court at this time. I expect this lack of capacity to last at least for the following three months." The letter concluded by indicating it was written at Rugenia's request "and will be given directly to her."

It is unclear whether this letter was one of the documents included in the package received—and not reviewed—by the trial judge prior to the November 12, 2010 hearing. However, Clarance's counsel advised the court of the one-page letter and its contents at that hearing. Rugenia contends, once notified of her psychiatric condition, the court should have continued all proceedings until she was well enough to proceed.

Even if we were to consider the merits of Rugenia's contention, which is unsupported by any analysis or citation to legal authority,[4] it would not justify a reversal. First, Rugenia at no time asked the court to stay or postpone proceedings based on her psychiatric problems, either specifically in connection with the November 12, 2010 hearing or at any other time during the two and one-half years she was being treated by Dr. Mirea.[5] Indeed, on at least one occasion during that time, she appeared in court and

---

[4]    The failure to present factual analysis and legal authority on each point raised is deemed to forfeit the issue on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); see *Gunn v. Mariners Church, Inc.* (2008) 167 Cal.App.4th 206, 218; *People ex rel. Dept. of Alcoholic Beverage Control v. Miller Brewing Co.* (2002) 104 Cal.App.4th 1189, 1200.)

We acknowledge a self-represented litigant's understanding of the rules on appeal are, as a practical matter, more limited than an experienced appellate attorney's. Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing. However, when, as in this case, a nearly total lack of compliance with the Rules of Court precludes meaningful review of the trial court's decision, we cannot ignore the fundamental rules of appellate practice. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

[5]    The clerk's transcript contains a copy of a letter from Dr. Mirea dated May 1, 2009, which contains substantially the same text as the November 2, 2010 letter, and includes the statement, "[I]t is my professional opinion that [Rugenia] would be incapable for psychiatric reasons to participate in court proceedings for at least six weeks." This document, although attached to Rugenia's notice designating record on appeal, contains no file stamp and appears never to have been presented to the trial court.

9

presented argument on her own behalf without any indication she was unable to participate for medical reasons.

Second, Rugenia's response had already been struck and her default entered prior to the submission of Dr. Mirea's letter. By the time of the November 12, 2010 trial, Rugenia had no proper role in the proceedings; and her purported inability to participate fully did not further prejudice her rights.

Third, the decision to grant or deny a continuance is committed to the discretion of the trial court: "Continuances are granted only on an affirmative showing of good cause requiring a continuance. [Citations.] Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823.) This dissolution proceeding had been pending for more than five years by November 2010; and Rugenia had, without explanation, failed to participate in it or to cooperate with the court or Clarance's counsel for an extended time. Moreover, there was nothing in Dr. Mirea's letter to indicate Rugenia's condition, which he expected to last "at least for the following three months," would successfully resolve itself at any time in the near future. Thus, there was no basis to believe a continuance of even three months would move the matter any closer to completion. In addition, Rugenia has never suggested, including in her briefs on appeal, that Clarance's property disclosures were either incomplete or inaccurate, such that her further participation was essential to protect her financial interests. (Nor, for that matter, did Rugenia ever contend she was unable to afford counsel to protect her interests in the dissolution proceedings.) Under all these circumstances it was not an abuse of discretion for the trial court to proceed to complete the trial on November 12, 2010 and to enter judgment the following month.

3. *The Trial Court Retained Jurisdiction To Decide the Dissolution Action*

A defendant in a state court civil action who wishes to remove the case to federal court is required to file a signed notice of removal in United States District Court that "contain[s] a short and plain statement of the grounds for removal, together with a copy

of all process, pleadings, and orders served upon such defendant or defendants in such action." (28 U.S.C. § 1446(a).)  The notice must be filed within 30 days after the defendant's receipt of the initial pleading in the state action (28 U.S.C. § 1446(b)(1)), unless the basis for removal is first shown by an amended pleading, in which case the notice must be filed within 30 days after receipt of the amended pleading (28 U.S.C.§ 1446(b)(3)).  Removal is effected when the defendant files a copy of the notice of removal with the state court (28 U.S.C. § 1446(d)); and, at that point, "the State court shall proceed no further unless and until the case is remanded."  (*Ibid*.)

The petition for dissolution, Clarance's initial—and only—pleading, was filed on September 7, 2005.  Rugenia's first purported removal occurred on May 19, 2009, more than three and one-half years later.  Not only was her notice of removal untimely, but it also failed to attach any of the pleadings and orders previously served on Rugenia in the dissolution proceedings.  More importantly, the notice was never filed, only lodged, in federal court because Rugenia had paid no filing fees and was unsuccessful in her attempt to proceed in forma pauperis.  Similarly, her second purported notice of removal, dated July 7, 2010, was also lodged, not filed; and a renewed request to proceed in forma pauperis and for waiver of filing fees was denied.  It does not appear the federal court asserted its jurisdiction over the case—even to remand it to the state court for improper removal—following either notice.

Although minor procedural defects in complying fully with the directives of title 28 United States Code section 1446 do not defeat removal (see, e.g., *Kalbfleisch v. Columbia Community Unit School Dist.* (S.D. Ill. 2009) 644 F.Supp.2d 1084, 1087, fn. 2; *Ellis v. Hansen & Adkins Auto Transp.* (S.D. Ill. Dec. 4, 2009, Civ. No. 09-677-GPM) 2009 U.S.Dist. Lexis 112950, *5), Rugenia's removal attempts were significantly flawed; and the federal court at no time exercised jurisdiction over the case.  On this record Rugenia has failed to meet her burden of affirmatively demonstrating the trial court erred in concluding removal had not been properly effected and, therefore, that it retained jurisdiction to conclude the dissolution proceedings that had been pending for five years.

(See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 575-576 [appellant's burden to show reversible error by adequate record]; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

## DISPOSITION

The judgment is affirmed.  Clarance is to recover his costs on appeal.


PERLUSS, P. J.

We concur:


WOODS, J.


ZELON, J.

12