**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOHN LUSSIER; MARY HAWKS,
individually, and on behalf of all
other similarly situated,
           *Plaintiffs-Appellants,*

           v.

DOLLAR TREE STORES, INC., a
Foreign Corporation,
           *Defendant-Appellee.*

No. 06-35148

D.C. No.
CV-05-00768-AJB

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
February 6, 2008—Portland, Oregon

Filed March 7, 2008

Before: Pamela Ann Rymer and Richard A. Paez,
Circuit Judges, and Cormac J. Carney,* District Judge.

Opinion by Judge Rymer

---

*The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

2201

## COUNSEL

J. Dana Pinney, Bailey, Pinney & Associates LLC, Vancouver, Washington, Jacqueline L. Koch, Vancouver, Washington (argued), for the plaintiffs-appellants.

Kevin H. Kono, Davis Wright Tremaine LLP, Portland, Oregon, for the defendant-appellee.

**OPINION**

RYMER, Circuit Judge:

John Lussier and Mary Hawks, putative class representatives in litigation against Dollar Tree Stores, Inc., appeal the district court's denial of their request for attorney's fees following their successful motion to remand the underlying action after it had been removed by Dollar Tree pursuant to the recently enacted Class Action Fairness Act of 2005 (CAFA). 28 U.S.C. § 1332(d)(2) (2005). We conclude that the district court did not abuse its discretion in finding that, given the lack of clarity in the law at the time, Dollar Tree's removal arguments were not unreasonable. Accordingly, we affirm.

I

In the underlying action, Lussier and Hawks sought to recover unpaid wages, overtime wages, minimum wages and penalty wages for Dollar Tree employees for a six year period. The complaint was originally filed in the Circuit Court of Oregon for the County of Multnomah on February 14, 2005. Dollar Tree was served on April 29, 2005.

Meanwhile, CAFA became effective on February 18, 2005. Pub. L. No. 109-2, 119 Stat. 4 (2005). CAFA amended 28 U.S.C. § 1332, which provides for diversity jurisdiction, by conferring original federal court jurisdiction over class actions when there is minimal diversity and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). Section 9 of the Act provides that "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2, § 9.

Dollar Tree removed the action to the federal District Court for the District of Oregon on May 27, 2005. The Notice of Removal asserted jurisdiction under § 1332(d) based on the

case being a civil class action between minimally diverse parties in which the matter in controversy exceeds $5,000,000. The Notice averred that removal was proper pursuant to 28 U.S.C. § 1441(a)-(b), and was timely under 28 U.S.C. § 1446(b) in that fewer than 30 days had elapsed since a copy of the summons and complaint was first provided.

Lussier and Hawks moved to remand for lack of federal jurisdiction, arguing that the suit was filed, and therefore commenced, prior to CAFA's effective date. Dollar Tree argued in response that when an action is "commenced" for purposes of CAFA is ambiguous, and that the term should be interpreted broadly in accordance with the congressional intent to expand federal court jurisdiction over class actions. It agreed with Lussier and Hawks that the law of the state of filing governs when an action is deemed "commenced" for removal,[1] but maintained that this action was not commenced under Oregon law until the summons was served on April 29, 2005, after enactment of CAFA. For this it relied on Or. Rev. Stat. § 12.020,[2] and our opinion in *Torre v. Brickey*, where we stated that "[u]nder Oregon law, summons must be served

---

[1]As Dollar Tree's papers acknowledged, the Tenth Circuit Court of Appeals had so held in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1238 (10th Cir. 2005) *amended by* 420 F.3d 1090 (concluding that removal to federal court does not "commence" (or recommence) an action for purposes of CAFA).

[2]Or. Rev. Stat. § 12.020 provides in pertinent part:

(1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant . . . .

(2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed.

within 60 days of filing the complaint in order for the action to commence as of the date the complaint is filed." 278 F.3d 917, 918 (9th Cir. 2002). Based on *Torre*, Dollar Tree's theory was that Or. Rev. Stat. § 12.020 allows a grace period for rolling back the date of commencement to the date of filing when the statute of limitations is at issue. It further contended that Or. R. Civ. P. 3, which provides that for purposes other than statutes of limitations, an action is commenced by filing a complaint,[3] does not control because CAFA § 9 creates an inverse type of statute of limitations for when an action may be deemed timely commenced.

The district court granted the motion to remand. The court observed that CAFA does not define the term "commenced," but assumed — as we subsequently held in *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686-88 (9th Cir. 2005) — that a removed case is "commenced" for purposes of CAFA on the date it is initially commenced in state court rather than the date of removal. Turning to the procedural rules of Oregon, the court held that Or. R. Civ. P. 3 determines when an action in "commenced," not Or. Rev. Stat. § 12.020, because Rule 3 sets forth when an action commences in Oregon for all purposes other than the statute of limitations, whereas Or. Rev. Stat. § 12.020 applies only when determining whether an action has been commenced within a statute-of-limitations period. It found that CAFA did not create a statute of limitations for class actions, but merely expanded the scope of federal jurisdiction by relaxing diversity requirements and allowing aggregation for the amount in controversy requirement. Thus, it concluded, Rule 3 is the applicable provision for determining when a CAFA action commences in Oregon. Finally, the district court declined Dollar Tree's invitation to construe the jurisdictional provisions broadly to include

---

[3]Or. R. Civ. P. 3 states: " Other than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court."

actions filed but not served at the time of CAFA's enactment, as Congress could have said so had that been its intent.

Following remand, Lussier and Hawks sought attorney's fees under 28 U.S.C. § 1447(c).[4] Observing that its task was to assess the reasonableness of the attempted removal, the district court found that Dollar Tree raised novel issues regarding removal under CAFA. The court noted that the issue of when an action is "commenced" under CAFA was one of first impression, and that district courts were divided on the meaning of "commenced" in other jurisdictional contexts.[5] The court concluded that Dollar Tree's position was reasonable and, in its discretion, denied the request for fees and costs resulting from removal.

Lussier and Hawks timely appealed.

## II

**[1]** The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005).[6] The Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. As the Court put

---

[4]Section 1447(c) provides in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

[5]The court's order referred to *Kieffer v. Travelers Fire Ins. Co.*, 167 F.Supp. 398, 401 (D. Md. 1958), and *Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co.*, 166 F.Supp. 319, 323-24 (E.D.N.Y. 1958), where the courts reached opposite conclusions on whether "commenced" referred to the filing date of the complaint or to the date of removal for purposes of an amendment to the diversity statute that raised the amount-in-controversy requirement.

[6]The district court's decision was filed just after the decision in *Martin* was rendered. The district court did not mention *Martin* in its order, but, as we shall explain, its approach was not inconsistent with *Martin*'s analysis.

it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

We review the award of fees and costs for abuse of discretion, and will overturn the district court's decision if it is based on an erroneous determination of law. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). Lussier and Hawks press for *de novo* review on the footing that the district court made a legal error by applying an incorrect standard, but we disagree. The court recognized that its decision turned on the reasonableness of the attempted removal, which *is* the correct legal standard. Beyond this, Lussier and Hawks suggest that Dollar Tree's arguments in support of removal were without legal merit, hence the court erred when it found that the removal was reasonable. There is no question that Dollar Tree's arguments were losers. But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted. Resolving a circuit split on the issue, *Martin* explicitly rejected the view that attorney's fees should presumptively, or automatically, be awarded on remand. 546 U.S. at 136-37. The district court implicitly accepted this position as well; it assessed the merits of Dollar Tree's attempted removal for reasonableness, even though it had remanded. Finally, Lussier and Hawks fault as legally erroneous the district court's reference to *Kieffer* and *Lorraine Motors*, both of which involved the question whether a non-CAFA action was "commenced" on the date of removal or on the date of filing. While we agree that neither opinion is particularly useful, we do not read the court as having relied on *Kieffer* or *Lorraine Motors* for any reason other than to support its point that the meaning of "commenced" under CAFA was novel, and existing law on its meaning in other jurisdictional statutes was inconclusive.

Accordingly, we have no occasion to depart from the normal standard of review for attorney's fees on remand, informed by the framework set out in *Martin*.

We have considered an award of attorney's fees in three cases since *Martin*. In *Durham*, we considered whether a defendant who failed to remove within thirty days on diversity or federal question grounds, could later remove once it discovered the case was also removable on federal officer grounds. Expressing no opinion on the merits of the removal petition, we held that it was timely and so Lockheed had an objectively reasonable basis for filing it. 445 F.3d at 1254. In *Patel,* the plaintiffs had filed a complaint in federal district court against Del Taco alleging various civil rights violations. The complaint also sought to remove Del Taco's pending state court petition to confirm an arbitration award. The plaintiffs contended that the arbitration petition was removable because the federal district court had supplemental jurisdiction over the petition when it was joined with the civil rights claims. This contention was frivolous, as the supplemental jurisdiction statute is not a basis for removal and no other ground for removal existed. Accordingly, we held that the district court did not abuse its discretion in awarding attorney's fees. 446 F.3d at 999-1000. Finally, in *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007), we held that it was objectively reasonable for an insurer to remove on the basis of fraudulent joinder of an agent as a reasonable litigant in its position could have concluded that the complaint failed to state a claim against the only resident defendant.

**[2]** Dollar Tree argues that this case is more like *Durham* than *Patel*. However, the situation here is different from both; Dollar Tree sought removal under a new statute whose meaning had not yet been fleshed out. Although *Martin* itself did not explicate "objectively reasonable" because the reasonableness of the removal arguments was not disputed, the Court of Appeals for the Seventh Circuit discussed the question in a somewhat similar context. In *Lott v. Pfizer, Inc.*, Pfizer

removed an action under CAFA, arguing among other things that the case "commenced" on the date that it was removed to federal court, not the date on which it had been filed in state court. 492 F.3d 789 (7th Cir. 2007). The district court remanded the action, and awarded attorney's fees under § 1447(c) without assessing the reasonableness of Pfizer's attempt to remove under CAFA. The court of appeals reversed, holding that the test is whether the relevant case law clearly foreclosed the defendant's basis of removal. It reasoned that the Supreme Court in *Martin* had cited with approval *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000), which applied an objectively reasonable standard by looking to the clarity of the law at the time of removal. *Martin*, 546 U.S. at 141. The court also pointed out that courts are familiar with determining whether conduct is objectively reasonable in contexts such as qualified immunity, and that *Martin*'s objectively reasonable standard balances competing interests in much the same way as the doctrine of qualified immunity does. Applying this test, the court held that Pfizer's attempt to remove under CAFA was objectively reasonable given that, at the time the notice of removal was filed, no circuit court of appeals had rejected Pfizer's argument that the word "commenced" means the date on which a case is removed to federal court. *Lott*, 492 F.3d at 793.

[3] The situation here is analogous. When Dollar Tree removed, the Tenth Circuit's opinion in *Pritchett* was the only circuit authority on the meaning of "commenced" in CAFA. Dollar Tree's removal arguments proceeded on the understanding that the action was commenced when it was brought in state court instead of upon removal, in accord with *Pritchett*'s holding. Beyond this, as the district court stated, the issue of when an action is "commenced" under CAFA was one of first impression. While the court rejected Dollar Tree's novel arguments about the relationship among Or. Rev. Stat. § 12.020, Or. R. Civ. P. 3, and CAFA in light of CAFA's broadening of federal jurisdiction over class actions, it also found that Dollar Tree's position was reasonable. We cannot

say that the district court abused its discretion in this. Lussier and Hawks point out that Dollar Tree offered no authority for its "bar to actions in the inverse" theory, and submit that it was wrong in distinguishing *Pritchett* because this case (like Pritchett's) commenced with the filing in state court. However, *Pritchett* said nothing about what any particular state's law provides in relation to CAFA. Dollar Tree's arguments were not otherwise clearly foreclosed. Consequently, we affirm the district court's denial of attorney's fees and costs.

AFFIRMED.