MEMORANDUM **
Following their successful motion to remand this Montana property rights dispute to state court, Christopher A. Houden and Jeffrey Houden (“the Houdens”) appeal the denial of costs and fees under 28 U.S.C. § 1447(c). Fees and costs may be awarded under § 1447(c) if the attempted removal was objectively unreasonable. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir.2008).
We agree with the Houdens that the removal by defendant Wayne S. Todd (“Todd”) was objectively unreasonable. Todd failed to satisfy his burden to plead complete diversity of the parties, making only a cursory allegation that the case was “a civil action between citizens of different states.” See Ranter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir.2001) (“Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.”); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (defendant has burden of establishing removal is proper).[1] Todd’s attempted removal was also improper because he failed to join other properly joined and served defendants. See Hewitt v. City of Stanton, 798 F.2d 1230, 1232-33 (9th Cir.1986) (“All defendants must join in a removal petition ... ”); see also Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (Hewitt rule applies to properly joined and served defendants).
The relevant case law clearly foreclosed Todd’s attempted removal; it was thus objectively unreasonable, and the Houdens could have been awarded costs and fees under 28 U.S.C. § 1447(c). See Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir.2006).[2] The determination to award costs and fees under § 1447(c) is within the discretion of the district court. Martin, 546 U.S. at 139, 126 S.Ct. 704. Because the district court provided no reasoning for its decision not to award costs and fees, we are unable to review the district court’s exercise of discretion. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 692 (9th Cir.1993). Accordingly, we vacate the denial of fees and remand for further consideration by the district court.
VACATED and REMANDED. Costs on appeal are awarded to Appellants.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Although Todd argues that he only needed to establish complete diversity among properly served parties, he is mistaken, as "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.” Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir.1969).

. On appeal, Todd also argues that the Houd-ens are somehow precluded from seeking fees and costs at this point in the proceedings because of an attorney’s fee provision in the restrictive covenants on the properties underlying this dispute, which permits an award of fees to a “prevailing” party. This argument is wholly without merit, as the Houdens are not seeking contractual fees pursuant to this clause, but under § 1447(c), which plainly exists to allow fee shifting at precisely this stage of the proceedings.