**Sean M. PARK and Michelle Park, Plaintiffs,**

v.

**BANK OF AMERICA, N.A.; Wells Fargo Home Bank, N.A.; Wells Fargo Home Mortgage; First American Trustee Servicing Solutions, LLC., f/k/a, First American Loanstar Trustee Services; and Does 1 through 100, Inclusive, Defendants.**

**Case No. 14cv3036 AJB (BLM).**

United States District Court, S.D. California.

Signed March 23, 2015.

Filed March 24, 2015.

George Harvey Bye, Law Office of George H. Bye, San Diego, CA, for Plaintiffs.

Edward D. Vogel, Mark G. Rackers, Sheppard Mullin Richter & Hampton, LLP, San Diego, CA, Patrick Reider, First American Law Group, Santa Ana, CA, for Defendants.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS UNDER 12(b)(6)

ANTHONY J. BATTAGLIA, District Judge.

Presently before the Court is a motion to remand (Doc No. 10), filed by Plaintiffs Sean M. Park and Michelle Park (jointly referred to as "Plaintiffs"), and a motion to dismiss pursuant to Rule 12(b)(6) (Doc. No. 15) filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Bank of America, N.A. ("Bank of America"), Wells Fargo Home Mortgage ("WFHM"),[1] and First American Trustee Servicing Solutions LLC (f/k/a First American Loanstar Trustee Services) ("First American")[2]

1. Wells Fargo is being sued individually and as WFHM. Counsel for Wells Fargo also rep-
resents WFHM in this action. (Defs.' Not. Removal, Doc. No. 1.)

2. Defendant First American filed a notice of

(jointly referred to as "Defendants"). This motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. Accordingly, no appearances are required and the motion will be deemed submitted as of this date. Upon consideration of the motions and the parties' arguments in support and opposition, Plaintiffs' motion to remand is **GRANTED** and Defendants' Rule 12(b)(6) motion to dismiss is **DENIED AS MOOT.**

## I. FACTUAL ALLEGATIONS [3]

This action arises from a mortgage transaction. (Defs.' Not. Removal Ex. A ("Complaint"), Doc. No. 1.) On November 4, 2005, Plaintiffs obtained a loan ("the Loan") from Wells Fargo.[4] (Compl. Ex. C.) The Loan was secured by a Deed of Trust for the refinance of real property located in La Mesa, California ("the Property"). (Compl. ¶ 32.)

Plaintiffs made timely payments on the Loan for approximately four years. (*Id.* ¶ 40.) In March 2009, Plaintiffs' income was drastically reduced. (*Id.*) Plaintiffs contacted WFHM to inquire about obtaining a loan modification. (*Id.*) A WFHM representative told Plaintiffs they were required to miss at least three mortgage payments in order to qualify for a loan modification. (*Id.* ¶ 41.)

In May 2009, Plaintiffs retained an attorney who specialized in loan modifications. (*Id.* ¶ 43.) The attorney contacted the WFHM representative that Plaintiffs previously spoke with and confirmed Plaintiffs would have to miss three mortgage payments to qualify for a loan modification. (*Id.*) Plaintiffs stopped making payments due on the Loan beginning in July 2009. (*Id.*) As a result, the foreclosure proceedings commenced. (*Id.* ¶ 62.)

On October 16, 2009, First American filed a Notice of Default against Plaintiff. (*Id.* ¶ 47.) First American received a declaration from WFHM stating WFHM had complied with certain requirements necessary for a Notice of Default to be filed. (*Id.*) However, Plaintiffs argue WFHM did not meet these requirements because WFHM did not: (1) send Plaintiffs a letter via first class mail that included a toll-free number to contact the U.S. Department of Housing and Urban Development; (2) attempt to contact Plaintiffs by telephone at least three times, at three different hours, and/or three different days prior to filing the Notice of Default; and (3) send a certified letter to Plaintiffs with return receipt requested. (*Id.*)

On December 15, 2009, another WFHM representative notified Plaintiffs' attorney that Plaintiffs qualified for the Home Affordable Mortgage Program Trial Period Plan (HAMP). (*Id.* ¶ 50.) Plaintiffs claim they were approved and signed the HAMP agreement on January 15, 2010, through their attorney. (*Id.* ¶ 51.) Under the terms of the HAMP agreement, Plaintiffs were required to make a total of five payments. (*Id.* ¶¶ 52, 54, 56.) Plaintiffs made all five payments. (*Id.* ¶¶ 53, 56.) However, Plaintiffs did not hear from the WFHM representative after these payments were made. (*Id.* ¶ 58.) In June 2010, Plaintiffs

---

joinder in Defendants Wells Fargo and Bank of America's motion to dismiss. (Not. Joinder, Doc. No. 18.)

**3.** Although the Court recognizes a First Amended Complaint (FAC) was filed (Doc. No. 12), authority requires consideration of the original complaint and as such the majority of this order is based on factual allegations arising from the original complaint. *See Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir.2006).

**4.** Wells Fargo serviced Plaintiffs' loan for Bank of America. Accordingly, counsel for Wells Fargo also represents Bank of America in this action. (Defs.' Not. Removal 1.)

attempted to contact the WFHM representative again, but were unable to reach him. (*Id.* ¶ 59.) Plaintiffs discussed the matter with a different WFHM representative who stated that their loan modification under HAMP had been denied. (*Id.* ¶ 60.)

On March 30, 2011, the Property was sold. (*Id.* ¶¶ 87, 207.) Plaintiffs then initiated this action against Defendants. (*See generally id.*)

## II. PROCEDURAL HISTORY

A discussion of the procedural history and events surrounding the various filings is relevant to the determination of the pending motions. On August 19, 2010, Plaintiffs filed their first action in this District, challenging the foreclosure of the Property at question in this suit.[5] (Defs.' Not. Removal 1.) The Court later granted Wells Fargo's Fed.R.Civ.P. 12(b)(6) motion, dismissing Plaintiffs' action with prejudice. (*Id.; see also Park v. Wells Fargo Bank Home Mortg.*, No. 10CV1737, 2012 WL 628615, at *1 (S.D.Cal. Feb. 24, 2012).)

On November 18, 2014, Plaintiffs filed the instant action in state court. (*See generally* Compl.) Plaintiffs alleged the following causes of action: (1) quiet title; (2) fraud and deceit; (3) wrongful foreclosure; (4) cancellation of instruments; (5) promissory estoppel; (6) breach of contract regarding the note and deed; (7) breach of contract regarding HAMP; (8) negligence; (9) negligence regarding HAMP; (10) negligent misrepresentation under various California statutes; (11) violations of the California Business and Professions Code; (12) violations of California Home Owners Bill of Rights (HBOR) regarding the illegal collection of fees; and (13) violations of the HBOR regarding the ban on dual tracking. (*Id.*)

On December 31, 2014, Defendants removed this action to federal court asserting federal question jurisdiction. (Defs.' Not. Removal 1.) On January 7, 2015, Defendants moved to dismiss the complaint for failure to state a claim under Fed. R.Civ.P. 12(b)(6). (Defs.' Mot. Dismiss, Doc. No. 8.) Two weeks later, Plaintiffs moved to remand for lack of federal subject matter jurisdiction, mentioning lack of federal question, but focusing on diversity jurisdiction, which had never been claimed by Defendants. (Pl.s' Mot. Remand, Doc. No. 10.) On January 22, 2015, Plaintiffs filed a FAC.[6]

On February 5, 2015, Defendants moved to dismiss the FAC for failure to state a claim upon which relief can be granted. (Defs.' Mot. Dismiss, Doc. No. 15.) As such, the Court now proceeds with Plaintiffs' motion to remand and Defendants' motion to dismiss for failure to state a claim.

## III. DISCUSSION

### A. Plaintiffs' Motion to Remand

In the interest of judicial economy, the Court first evaluates whether the motion to remand should be granted. Plaintiffs moved to remand shortly after removal and before filing the FAC. Plaintiffs argue this Court should remand this action back to Superior Court primarily on the basis that diversity jurisdiction does not exist. Defendants, however, argue that this Court has subject matter jurisdiction because Plaintiffs' claims satisfy federal question jurisdiction.

### 1. Legal Standard

 The right to remove a case to federal court is entirely a creature of statute. *See Libhart v. Santa Monica Dairy*

---

5. The first action was before the Honorable Larry Alan Burns (Case No. 10–cv–1737–LAB–WMC).

6. On January 23, 2015, the Court found Defendants' motion to dismiss (Doc. No. 8) moot in light of the filing of the FAC. (Order, Doc. No. 13.)

*Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)).

The removal statute, 28 U.S.C. § 1441, allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a), 1441(a)-(b), 1446. Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

## 2. Federal Question Jurisdiction

■ Under the "well-pleaded complaint rule, ... federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425 (internal quotation marks omitted). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). A "federal

issue" is not "a password opening federal courts to any state action embracing a point of federal law." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) (internal quotation marks omitted). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Emrich*, 846 F.2d at 1194.

The Court notes the original complaint was filed prior to the FAC. The Ninth Circuit has "long held that post-removal amendments to pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams*, 471 F.3d at 976. Though Plaintiffs later filed a FAC, the Court looks to the original complaint to determine whether removal was proper because the original complaint was the operative complaint at the time of removal. *See, e.g., Sparta Surg. Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.1998) (holding jurisdiction must be analyzed on the basis of the pleadings filed at the time or removal without reference to subsequent amendments).

■ Reviewing the original complaint, Defendants state this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise from various federal statutes and programs. Specifically, Defendants discuss the American Recovery and Reinstatement Act of 2009, 12 U.S.C. § 5201(Compl.¶ 183); the Troubled Asset Relief Program (TARP) (*id.* ¶ 185); the Federal Deposit Insurance Company (*id.* ¶ 21); the federal Fair Debt Collection Practices Act (FDCPA) (Defs.' Opp. Remand 8, Doc. No. 14); [7] the Fair

---

7. The Court cites to Defendants' opposition to Plaintiffs' motion to remand because Defendants argue Plaintiffs would have to prove a violation of the Fair Debt Collection Practices

Act and the Fair Credit Reporting Act in order to prove one or more of their causes of actions. These two federal laws are not stated

Credit Reporting Act (FCRA) (*id.*); and HAMP (*see generally* Compl.). Because Plaintiffs allege Defendants made "derogatory credit reports to credit bureaus" (*id.* ¶ 135) and engaged in unlawful debt collection practices (*id.* ¶ 231), Defendants argue that these claims and others depend on federal law (Defs.' Not. Removal 2).

The Court has carefully examined Defendants' discussion regarding federal laws, including the securitization theory as explained by Defendants. It should be noted that the Court is not required to foresee causes of actions not set forth in Plaintiffs' complaint. *See Rodriguez v. AT & T Mobility Services LLC,* 728 F.3d 975, 980 (9th Cir.2013) (noting the court "need not look beyond the four corners of the complaint"). However, the Court has invested time and resources to ensure the federal laws discussed in the complaint and the parties' papers do not give the Court subject matter jurisdiction. Even in light of this extensive review examining Defendants' arguments, Plaintiffs' complaint, though not a model of clarity, does not allege any federal causes of action. The Court is unconvinced it has subject matter jurisdiction over this action. This conclusion is in line with several other courts in this Circuit. *See, e.g., Deutsche Bank Nat. Trust Co. v. Ghosal,* No. 14CV2582, 2014 WL 5587199, at *1 (S.D.Cal. Nov. 3, 2014) (holding the Court did not have federal question jurisdiction over a claim brought under 12 U.S.C. § 5201); *Kahler v. Vantex Mortg. Grp., Inc.,* No. CIV. 08CV2405, 2009 WL 56381, at *1 (S.D.Cal. Jan. 7, 2009) (holding a violation of the FDIC and the FDCPA are not sufficient for a claim or right to arise under the laws of the United States as required for jurisdiction); *Loewenberg v. Wachovia Mortg.,* No. SACV12628, 2012 WL 10649164, at *1 (C.D.Cal. May 9, 2012) (stating the fact that there is no private right of action in Plaintiffs' original complaint. (*See generally*

under HAMP indicates that Congress did not intend to confer federal jurisdiction over state law claims based on HAMP violations); *see also Rowley v. Am. Home Assur. Co.,* No. CIVA0970, 2009 WL 700684, at *1 (E.D.La. Mar. 17, 2009) (holding that because plaintiff's allegations concerning TARP were merely factual allegations to support another claim, federal jurisdiction did not exist).

The Court has carefully reviewed the complaint and concludes these causes of actions do not arise under federal law. State law traditionally controls Plaintiffs' causes of action. Therefore, a federal question does not arise from Plaintiffs' claims and removal was improper. The Court now remands this action back to state court.

In granting the motion to remand, the Court does not condone the type of behavior and blatant gamesmanship Plaintiffs have showcased. A factually analogous suit was brought in this District before, and was dismissed with prejudice after the Court determined the suit was "at best misguided and at worst downright frivolous." *Park,* 2012 WL 628615, at *2. Though the Court is not unsympathetic towards Defendants' plight, the Court is unable to move forward in these circumstances.

### 3. Attorneys' Fees

■ Plaintiffs request attorneys' fees and costs for improper removal under 28 U.S.C. § 1447(c) in their motion to remand. "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir.2008). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or

ly Compl.)

else attorney's fees would always be awarded whenever remand is granted." *Id.* Upon consideration of the parties' contentions and applicable law, the Court is wholly unconvinced fees or costs are appropriate in this instance.

### B. Defendants' Motion to Dismiss

Defendants move to dismiss this action pursuant to Rule 12(b)(6). (Defs.' Mot. Dismiss.) Because the Court does not have subject matter jurisdiction, the Court will not proceed with the motion to dismiss, including the *res judicata* argument. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–97, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (noting that federal courts generally must address Article III subject matter jurisdiction before reaching a nonjurisdictional question such as *res judicata* ). Therefore, Defendants' motion is denied as moot.

### IV. CONCLUSION

Because this case does not arise under federal law, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiffs' motion to remand (Doc. No. 10) is **GRANTED** and Defendants' Rule 12(b)(6) motion to dismiss (Doc. No. 15) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**