**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARA RHODES, an individual,

    Plaintiff-Appellee,

 v.

RYAN BARNETT, AKA Ryan
Moosbrugger, as an individual and a
marital community and SHARON S.
BARNETT, AKA Sharon S. Kim, as an
individual and a marital community,

    Defendants-Appellants,

 and

STADTMUELLER & ASSOCIATES PS,
DBA Barnett, Stadtmueller & Associates
PS, a Washington professional services
corporation,

    Defendant.

No. 15-35340

D.C. No. 2:14-cv-00400-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 8, 2017[]
Seattle, Washington

Before: McKEOWN, CALLAHAN, and IKUTA, Circuit Judges.

Sara Rhodes filed a complaint in Washington state court naming Ryan Barnett, Sharon Kim, and "Stadtmueller & Associates, P.S., d/b/a Barnett, Stadtmueller & Associates, P.S." as defendants. Barnett and Kim ("Defendants") removed the case to federal court on the basis of diversity jurisdiction. Rhodes moved to remand, and sought an award of the attorneys' fees and costs she incurred as the result of Defendants' improper removal. The district court determined that it lacked subject matter jurisdiction and remanded to state court. The court further found that Defendants lacked an objectively reasonable basis for removal, and awarded Rhodes attorneys' fees. Defendants appealed the award of attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." We have held that "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

996, 999 (9th Cir. 2006) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). "We review an award of attorneys' fees for an abuse of discretion and will overturn the district court's decision only if it is based on clearly erroneous findings of fact or erroneous determinations of law." *Id.* (quoting *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003)).

2. Defendants' challenge to the fees award rests on their contention that the district court erred in determining that it lacked diversity jurisdiction. Thus, to determine whether the district court erred, we must assess whether Defendants' arguments in support of diversity jurisdiction were clearly foreclosed. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065–66 (9th Cir. 2008).

3. The district court did not err. "Stadtmueller & Associates" was not sued under a "fictitious name" within the meaning of 28 U.S.C. § 1441(b)(1). That statute refers to Doe defendants, *e.g.*, *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998), not misnamed corporate entities. Although Rhodes's complaint incorrectly identifies her employer as "Stadtmueller & Associates" rather than "Barnett & Associates," all parties understood that Rhodes intended to name the company owned by Barnett which employed Rhodes. This misnomer does not change the fact that Barnett & Associates is a real party in interest to the case, and the entity that she named as a defendant is not a "nominal" party. *See*

3

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (defining "nominal" parties that may be disregarded for purposes of determining the existence of diversity jurisdiction); *see also* 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1498.2 (3d ed. 2017) (discussing misnomer). Furthermore, Barnett & Associates is a citizen of the same state as Rhodes, and unserved parties must be considered in determining whether there is complete diversity. *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969). Thus, whether this entity was served does not impact the jurisdictional analysis.

Nor did Rhodes admit diversity jurisdiction. There is no basis for Defendants' assertions that serving a party in a particular state establishes that the party is a citizen of that state, or that filing a jury demand may serve as an admission establishing jurisdiction. *Cf. Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (considering a challenge to diversity jurisdiction raised for the first time following a jury trial). Moreover, as Rhodes's Rule 15 motion to amend the pleadings was denied, it could not provide a basis for a determination that the parties were not diverse.

4.     Finally, at the time of removal, Defendants were aware that the corporate defendant was misnamed and that, had the company's correct name been

used, they would have no basis for asserting diversity jurisdiction. Instead of correcting Rhodes's mistake, Defendants sought to use it to establish diversity jurisdiction where none existed. The district court therefore reasonably determined that Defendants lacked an objectively reasonable basis for seeking removal, and it was well within its discretion in granting Rhodes's request for attorneys' fees.

**AFFIRMED.**