**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC2, Asset Backed Pass-Through Certificates, Series 2006-WMC2, | No. 18-16786 |
| | D.C. No. 1:18-cv-00225-DKW-KSC |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM* |
| DONNA MAE AMINA; MELVIN KEAKAKU AMINA, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Donna Mae Amina and Melvin Keakaku Amina appeal pro se from the

district court's orders concerning the imposition of attorney's fees and costs

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

following the remand of their action to state court. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's award of fees and costs under 28 U.S.C. § 1447(c). *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). We affirm.

The district court did not abuse its discretion in awarding plaintiff fees and costs because appellants lacked an objectively reasonably basis to remove the action, as their argument that Hawaii is not a state is frivolous. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *see also* 28 U.S.C. 1441(b) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

We reject as meritless appellants' contention that the district court lacked jurisdiction to impose fees and costs, and their various contentions concerning the propriety of the award.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-16786

Appellants' motions to file a supplemental brief (Docket Entry Nos. 23, 24) are granted. The Clerk is directed to file appellants' Supplement to Opening Brief (Docket Entry No. 20).

**AFFIRMED.**