NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY HEARDEN; et al.,

        Plaintiffs-Appellees,

 v.

SHLOMO RECHNITZ; et al.,

        Defendants-Appellants.

No.   23-15195
       23-15452

D.C. No.
2:22-cv-00994-MCE-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 13, 2024[**]
San Francisco, California

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.

Defendants[1] appeal the district court's order remanding this case to state

court.  The district court ruled that it lacked subject matter jurisdiction over the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[1] Defendants consist of Brius Management Co. (now known as Pacific Healthcare Holdings); Brius, LLC (now known as Los Angeles Nursing Homes,

case pursuant to <u>Saldana v. Glenhaven Healthcare LLC</u>, 27 F.4th 679 (9th Cir. 2022). Reviewing de novo jurisdictional questions, <u>United States v. Jeremiah</u>, 493 F.3d 1042, 1044 (9th Cir. 2007), and reviewing for abuse of discretion challenges to the district court's award of attorneys' fees and costs under 28 U.S.C. § 1447(c), <u>Grancare, LLC v. Thrower ex rel. Mills</u>, 889 F.3d 543, 547 (9th Cir. 2018) (citing <u>Moore v. Permanente Med. Grp., Inc.</u>, 981 F.2d 443, 447 (9th Cir. 1992)), we affirm.

Plaintiffs are surviving family members of residents of Defendants' skilled nursing facility who contracted COVID-19 in 2020 and who later died. Plaintiffs filed the underlying action in California state court, alleging six state-law claims: a statutory claim for elder abuse and neglect, a negligence claim, a statutory claim for violations of patients' rights, a claim for violations of California Business and Professions Code § 17200, a wrongful death claim, and a claim for fraud and breach of fiduciary duty. Defendants removed the case to federal district court, but that court remanded the action to state court. The district court also awarded attorneys' fees and costs to Plaintiffs. Defendants' timely appeal of both issues followed.

1. We rejected Defendants' federal question and federal officer jurisdiction

LLC); Shlomo Rechnitz; Windsor Redding Care Center, LLC; Lee Samson; and S&F Management Company.

arguments in Saldana, 27 F.4th at 688–89.  Although Defendants note that Congress gave the United States District Court for the District of Columbia the authority to adjudicate willful-misconduct claims, Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. § 247d-6d(c) to (e)(1), Defendants did not seek a transfer to that court.  Instead, Defendants refer to that PREP Act provision simply as one of several reasons why, in their view, Saldana was wrongly decided.  As a three-judge panel, we are bound by Saldana.  See In re Complaint of Ross Island Sand & Gravel, 226 F.3d 1015, 1018 (9th Cir. 2000) (per curiam) ("A three judge panel of this court cannot overrule a prior decision of this court." (citing Morton v. De Oliveira, 984 F.2d 289, 292 (9th Cir.1993))).  Accordingly, we affirm in No. 23-15195.

2.  The district court did not abuse its discretion by awarding attorneys' fees and costs to Plaintiffs.  Although the court stated incorrectly that it had "broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law," the court in fact applied the correct standard.  See United States v. Bonds, 608 F.3d 495, 504 (9th Cir. 2010) (holding that the district court did not abuse its discretion despite misstatement of the law because "[a]ny such misstatement had no bearing on the court's ruling" given that the court "applied the correct standard").  The court expressly considered whether Defendants "lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Cap. Corp.,

3

546 U.S. 132, 141 (2005); see also Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066–67 (9th Cir. 2008) (holding that, in applying Martin, courts should ask whether "the relevant case law clearly foreclosed the defendant's basis for removal"). The district court observed that Defendants removed the case "despite binding and on-point Ninth Circuit authority disposing of the same asserted bases for jurisdiction in comparable cases" and permissibly concluded that Defendants therefore lacked "an objectively reasonable basis to contend that Saldana does not control." Accordingly, we affirm in No. 23-15452.

**AFFIRMED.**