**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VITUS GROUP, LLC; VITUS DEVELOPMENT IV, LLC; RIVERWOOD HOUSING PARTNERS, LP; GREEN MEADOWS HOUSING MANAGEMENT, LLC; GREEN MEADOWS HOUSING PARTNERS, LP; WESTLAKE LINWOOD HOUSING PARTNERS, LP; WESTLAKE LINWOOD HOUSING MANAGEMENT, LLC; PINES HOUSING PARTNERS, LP; HILTON HEAD HOUSING PARTNERS, LP, | No. 24-7062 <br><br> D.C. No. 2:24-cv-00282-RAJ <br><br> MEMORANDUM[*] |
|       Plaintiffs - Appellants, | |
| and | |
| RIVERWOOD TOWNHOMES, INC., HOLLYWOOD SHAWNEE HOUSING PARTNERS, LP, | |
|       Plaintiffs, | |
|   v. | |
| ADMIRAL INSURANCE COMPANY, | |
|       Defendant - Appellee, | |
| and | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

JAMES RIVER INSURANCE COMPANY,

Defendant.

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted September 18, 2025[**]
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and PITMAN, District Judge.[***]

This cases arises out of an insurance dispute stemming from shootings that occurred at apartment complexes owned or managed by Plaintiffs-Appellants Vitus Group, LLC; Vitus Development IV, LLC; Riverwood Houstin Partners, LP; Green Meadows Housing Management, LLC; Green Meadows Housing Partners, LP; Westlake Linwood Housing Partners, LP; Westlake Linwood Housing Management, LLC; Pines Housing Partners, LP; Hilton Head Housing Partners, LP; and Hollywood Shawnee Housing Partners, LP (the "Vitus Parties").

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert Pitman, United States District Judge for the Western District of Texas, sitting by designation.

Defendant-Appellee Admiral Insurance Company ("Admiral"),[1] a Delaware corporation, had issued liability policies to the Vitus Parties for their properties, including the properties where the shootings took place.

After Admiral removed the case from Washington state court to the Western District of Washington, the Vitus Parties filed a motion to remand to state court, which the district court granted. Pertinent to this appeal, the Vitus Parties also sought attorney's fees and costs under 28 U.S.C. § 1447(c). The district court denied their request for attorney's fees and costs. We have jurisdiction under 28 U.S.C. § 1291 to review the district court's denial of attorney's fees. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1181 (9th Cir. 2015).

We review the district court's denial of attorney's fees and costs under § 1447(c) for abuse of discretion. *Id.* Upon remand, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores,*

---

[1] James River Insurance Company also provided insurance coverage to the Vitus Parties for their properties. The Vitus Parties have dropped their claims against James River Insurance Company.

*Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). To determine whether an objectively reasonable basis for seeking removal exists, we consider whether "at the time the notice of removal was filed" the basis was "clearly foreclosed." *Id.* at 1066.

Per state court pleading rules, the state court complaint identified the Vitus Parties' states of organization and principal places of business, not the citizenship of any limited partnership partners or limited liability company members for the purposes of establishing diversity jurisdiction in federal court.[2] When Admiral filed its notice of removal, Admiral identified the citizenship for the various partners and members comprising the Vitus Parties entities, correctly identifying most, but not all, of them. It was not until the Vitus Parties filed their motion to remand that Admiral learned diversity jurisdiction might not be complete. The Vitus Parties' complicated structure of limited partnerships and limited liability companies with different members and partners created a jurisdictional puzzle that even the Vitus Parties could not solve. Indeed, the Vitus Parties' Corporate and Diversity Disclosure Statement did not contain complete citizenship information for four of their entities. Given the uncertainty and its burden to establish complete diversity jurisdiction, Admiral requested jurisdictional discovery in response to the motion to remand.

---

[2] To determine citizenship of unincorporated entities, courts look to the citizenship of every owner/member of an LLC or LP. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

While Admiral's removal ultimately did not succeed, Admiral's removal was objectively reasonable and was not clearly foreclosed at the time of removal. *Lussier*, 518 F.3d at 1065 (removal "not objectively unreasonable solely because" the arguments "lack merit" in hindsight). The district court applied the correct legal standard under *Martin* and considered Admiral's knowledge at the time of the removal. "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The district court focused on the four corners of the state court complaint which formed the genesis of Admiral's removal and found that nothing in the complaint foreclosed diversity. The district court did not abuse its discretion in concluding that Admiral, having relied on the information in the state court complaint, had a reasonable basis to remove the case.

The district did not err in noting the Vitus Parties' inability to identify the citizenship of all members and partners. It is not impermissible for a court to consider a plaintiff's failure to disclose jurisdictional facts as a factor in fee decisions. *See Martin*, 546 U.S. at 141 ("[A] plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees"). The district court could have permissibly weighed the

lack of citizenship information against the Vitus Parties' fee request while still remanding for lack of jurisdiction.

Finally, the Vitus Parties' characterization of Admiral's notice of removal as a fabrication and a misrepresentation of facts is a bridge too far. Admiral properly relied on the Vitus Parties' state court pleading allegations and any of its own research to provide the basis for removing the case. After the Vitus Parties raised concerns in their motion to remand, Admiral sought jurisdictional discovery. There is no evidence that Admiral knew diversity was incomplete at the time of removal. Indeed, Admiral continued to actively seek relevant jurisdictional facts to determine whether complete diversity existed among the Vitus Parties. No misrepresentations resulted in a clearly erroneous factual finding of reasonableness, and the district court did not abuse its discretion in denying fees and costs.

**AFFIRMED.**