**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GERALD DURHAM,
   *Plaintiff-Appellee,*

  v.

LOCKHEED MARTIN CORPORATION,
   *Defendant-Appellant,*

  and

10,000 HOLDINGS, INC.; 4520
Corp., Inc.; et al.,
   *Defendants,*

  v.

KEARFOTT GUIDANCE AND
NAVIGATION CORPORATION,
   *Third-party-Defendant.*

No. 04-15243

D.C. No.
CV-03-04326-TEH

OPINION

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, District Judge, Presiding

Argued and Submitted
October 20, 2005—San Francisco, California

Filed April 26, 2006

Before: Alex Kozinski and Ferdinand F. Fernandez,
Circuit Judges, and Terry J. Hatter, Jr.,* District Judge.

Opinion by Judge Kozinski

*The Honorable Terry J. Hatter, Jr., Senior United States District Judge
for the Central District of California, sitting by designation.

**COUNSEL**

Robert W. Loewen, Sarah M. Schlosser, Andrea M. Neuman, Gibson, Dunn & Crutcher, Irvine, California; Charles H. Hakke, Gibson, Dunn & Crutcher, Washington, D.C.; Steven E. Knott, Guy P. Glazier, Knott & Glazier LLP, Los Angeles, California, for the defendant-appellant.

Gilbert L. Purcell, Alan R. Brayton, Lloyd F. Leroy, David L. Fiol, Brayton Purcell, Novato, California, for the plaintiff-appellee.

## OPINION

KOZINSKI, Circuit Judge:

A defendant has thirty days to remove a case on diversity or federal question grounds. We consider whether the thirty-day clock is reset if the defendant later discovers the case is also removable on federal officer grounds.

### Facts

Plaintiff Gerald Durham suffers from lung cancer, which he alleges was caused by exposure to asbestos during his thirty-year service as an electronics technician for the United States Air Force and Air Force Reserves. Durham filed his complaint against Lockheed Martin and sixty other defendants on August 7, 2003, in California Superior Court. In his complaint, Durham listed the Air Force facilities where he worked, but didn't allege which Lockheed products exposed him to asbestos. Durham's complaint incorporated by reference a Master Complaint filed by his law firm against 8,500 John Doe defendants, which was equally short on detail.

Plaintiff served Lockheed Martin on August 15, 2003. Lockheed didn't attempt to remove the case to federal court on federal enclave grounds because, based on past experience, it believed some of its co-defendants would be unwilling to consent to removal. Ten days later, Lockheed received plaintiff's answers to interrogatories. These interrogatories for the first time disclosed the specifics of Durham's claim—that he was exposed to asbestos while working on the SR-71 Blackbird and the C-141 Starlifter aircraft on military bases where Lockheed was a contractor.

Durham's responses disclosed to Lockheed a new basis for removing the case: Lockheed assembled the aircraft while acting as an agent of a federal officer, and was therefore immune to suit as a federal contractor. *See* 28 U.S.C. § 1442(a)(1).

According to Lockheed, the military dictated the precise specifications of the aircraft Durham worked on, right down to directing Lockheed to install specific navigational components manufactured by other contractors. Lockheed also claims that the government directed it to use asbestos in the assembly of these aircraft because it was the only material capable of ensuring the aircraft performed to the military's exacting specifications—for example, that the Blackbird be able to fly at Mach 3, and thus withstand temperatures in excess of 550 degrees.

While Lockheed was evaluating Durham's responses to its interrogatories, the removal clock was ticking. When Lockheed received the responses, ten days had already passed since it had been served with the complaint. Lockheed didn't file a notice of removal until September 24—more than thirty days after it had been served with the complaint, but less than thirty days after it had received Durham's interrogatory responses.

After Lockheed removed, Durham moved to remand to state court, claiming that Lockheed's removal was untimely. *See* 28 U.S.C. §§ 1446(b), 1447(c). The remand motion presented two questions: First, when did Durham put Lockheed on notice of the bases for removal? And, second, if Lockheed discovered federal officer grounds *after* it discovered federal enclave grounds, was it entitled to a new thirty-day period to remove? The district court found that the complaint disclosed a basis for federal enclave jurisdiction, and sided with Durham: "[T]here is no special extension of time to remove on the basis of federal officer jurisdiction under § 1442 where, as here, 30 days has passed from the time which another basis for federal jurisdiction existed under § 1441." The district court thus remanded the case to state court and awarded Durham $9,113.99 in costs and attorney's fees because Lockheed's removal was untimely. *See id.* § 1447(c). Lockheed appeals the award of costs and fees.

### Analysis

**[1]** 28 U.S.C. § 1447(d) generally bars review of a district court order remanding a case to state court, and thus, whatever we decide here, we cannot recall the case to federal court.[1] We consider only whether the district court properly awarded costs and attorney's fees to Durham. Notwithstanding section 1447(d), we have jurisdiction to review the award because the district court's grant of attorney's fees and costs is a final order subject to review under 28 U.S.C. § 1291. *See Moore* v. *Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). The Supreme Court recently instructed that attorney's fees in removal cases are not to be awarded as a matter of course: "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin* v. *Franklin Capital Corp.*, 126 S. Ct. 704, 708 (2005). We review the award of fees and costs for abuse of discretion, but will overturn it if it is based on an erroneous determination of law. *See Moore*, 981 F.2d at 447.

**[2]** **1.** After a defendant learns that an action is removable, he has thirty days to remove the case to federal court. *See* 28 U.S.C. § 1446(b). We held in *Harris* v. *Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005), that "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 690-91 (quoting *Chapman* v. *Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (alterations in original). Otherwise, the thirty-day clock doesn't begin ticking

---

[1]Because the district court's reason for remanding the case—untimeliness—comported with section 1447(c), the exception to section 1447(d) recognized in *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U.S. 336, 352 (1976), does not apply. *See Executive Software N. Am., Inc.* v. *U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1549 (9th Cir. 1994).

until a defendant receives "a copy of an amended pleading, motion, order or other paper" from which it can determine that the case is removable. 28 U.S.C. § 1446(b).

Lockheed does not contest the district court's determination that the complaint revealed one basis for federal jurisdiction. Federal courts have federal question jurisdiction over tort claims that arise on "federal enclaves." *See* 28 U.S.C. § 1331; *Willis* v. *Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (per curiam); *Mater* v. *Holley*, 200 F.2d 123, 125 (5th Cir. 1952). The complaint revealed that some of Durham's claims arose on federal enclaves, so under *Harris*, Lockheed had thirty days from when it received the complaint to remove to federal court. But to do so successfully, it had to convince all of its co-defendants to go along—no small task where, as here, there are sixty-one defendants. *See United Computer Sys., Inc.* v. *AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Lockheed believed there was no way to forge consensus among the defendants—it had learned in prior asbestos litigation with these defendants that some of them preferred a state forum, and thus would not consent to removal. So Lockheed never attempted to remove on federal enclave grounds.

**[3] 2.** It turns out that there was another basis for federal jurisdiction in this case. Federal officers, and their agents, may remove cases based on acts performed under color of their federal office if they assert a colorable federal defense:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or

> individual capacity for any act under color
> of such office . . . .

28 U.S.C. § 1442(a); *Mesa* v. *California*, 489 U.S. 121, 129 (1989). A party seeking removal under section 1442 must demonstrate that (a) it is a "person" within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a "colorable federal defense." *Jefferson County* v. *Acker*, 527 U.S. 423, 431 (1999); *Mesa*, 489 U.S. at 124-25, 131-35.

**[4]** To start the thirty-day clock under *Harris*, Durham had to provide Lockheed with facts to support each of the three requirements. Until Durham revealed which aircraft he had worked on during his Air Force career, Lockheed couldn't assert either that its actions were taken pursuant to a federal officer's directions, or that it had a colorable federal defense. Lockheed, like other federal military contractors, performs some activities on military bases that are protected by federal contractor immunity, and others that are not. *See Boyle* v. *United Techs. Corp.*, 487 U.S. 500, 512 (1988). There wasn't enough information in Durham's complaint for Lockheed to discern whether its allegedly wrongful conduct was protected by federal contractor immunity. Had it removed upon filing of the complaint, it may well have subjected itself to fees and costs, and potentially Rule 11 sanctions, for filing a baseless notice of removal. After *Harris*, we no longer require defendants to take this blind leap—we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove.

**3.** If Durham's responses to Lockheed's interrogatories didn't reset the removal clock, Lockheed's removal was untimely. If the responses did, the district court erred in remanding the case, and in awarding Durham costs and fees. To answer the timeliness question, we begin with the text of the removal statute:

*If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added). In the language of the statute, the question here is whether the case stated by Durham's complaint was "removable." Removable is not a defined term in the statute, and there are two plausible ways to construe it in the context of federal officer removals. First, we could interpret "removable" as binary—either there's some basis for removal, or there's not. Under this reading of the statute, the case was "removable" when Lockheed received the complaint because the defendants—had they unanimously agreed to it—could have removed the case on federal enclave grounds. The second way to interpret "removable" is to look to each ground for removal separately. Under this reading, a case does not become removable until the particular basis on which removal is sought becomes apparent from the record. Seen in this light, the case wasn't removable until Lockheed learned that it could remove the case unilaterally based on federal officer jurisdiction.[2]

**[5]** The district court began its analysis of this question by noting that "[r]emoval statutes are to be strictly construed, and

---

[2]Durham urges us not to decide this question because all parties agree Lockheed had twenty days to remove after it received Durham's response to its interrogatories. Durham argues that twenty days was sufficient time for Lockheed to decide whether to remove. As a practical matter, maybe so. But section 1446(b) provides that the defendant has thirty days once the case becomes removable; either Lockheed had the thirty days section 1446(b) provides, or it didn't.

any doubts as to the right of removal must be resolved in favor of remanding to state court." As to section 1441 removals, the district court is correct, *see Gaus* v. *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam), but we do not interpret our jurisdiction under section 1442 so strictly. Congress passed the federal officer removal statute to protect the federal government from South Carolina's attempt to nullify federal tariff laws in the 1830s. *See Gay* v. *Ruff*, 292 U.S. 25, 32 (1934). And the Supreme Court has mandated a generous interpretation of the federal officer removal statute ever since: "It scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted." *Colorado* v. *Symes*, 286 U.S. 510, 517 (1932). The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' " *Arizona* v. *Manypenny*, 451 U.S. 232, 242 (1981) (quoting *Willingham* v. *Morgan*, 395 U.S. 402, 407 (1969)). And the command to interpret section 1442 liberally hasn't come only from the Supreme Court. When the Court held that federal agencies didn't have any removal rights under a prior version of section 1442, Congress amended the statute to reverse the decision. *See Int'l Primate Prot. League* v. *Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 76, 79 n.5 (1991); Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, § 206, 110 Stat. 3847, 3850.

**[6]** We take from this history a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to interpret section 1442 broadly in favor of removal. And for good reason. As Judge Friendly wrote, "[s]ection 1442, although dealing with individuals, vindicates also the interests of government itself; upon the principle that it embodies 'may depend the possibility of the general government's preserving its own existence.' " *Bradford* v. *Harding*, 284 F.2d 307, 310 (2d Cir. 1960) (quoting *Tennessee* v. *Davis*, 100 U.S. 257,

262 (1880)). *Davis* explains that the government "can act only through its officers and agents, and they must act within the States." *Davis*, 100 U.S. at 263. Federal government officers and their agents occasionally get into trouble when they act within the States—whether they're enforcing unpopular tariffs in South Carolina in the 1830s, killing recalcitrant moonshiners in self-defense in Tennessee in the 1880s, or exposing servicemen to asbestos to make military aircraft in the 1970s. If the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf.

**[7]** Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441. Federal officers can remove both civil and criminal cases, while section 1441 provides only for civil removal. Unlike other defendants, a federal officer can remove a case even if the plaintiff couldn't have filed the case in federal court in the first instance. And removals under section 1441 are subject to the well-pleaded complaint rule, while those under section 1442 are not. *Compare Louisville & Nashville R.R. Co.* v. *Mottley*, 211 U.S. 149, 152 (1908), *with Acker*, 527 U.S. at 431. Whereas all defendants must consent to removal under section 1441, *see United Computer Sys.*, 298 F.3d at 762, a federal officer or agency defendant can unilaterally remove a case under section 1442, *see Ely Valley Mines, Inc.* v. *Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

Mindful of these differences, and the justifications for removal that they reflect, we return to the timeliness of Lockheed's removal under section 1446. Where the timeliness of removal under section 1441 is at issue, it makes sense to presume that removal statutes are to be strictly construed against federal court jurisdiction. When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking. If the defendant can't convince his co-defendants to

remove, he's stuck in state court, and later disclosure that the case is also removable on another ground under section 1441 doesn't help bring him into federal court.

**[8]** But where the timeliness of a federal officer's removal is at issue, we extend section 1442's liberal interpretation to section 1446. As far as the federal officer is concerned, the case isn't "removable" until the federal officer ground for removal is disclosed—otherwise, a single holdout defendant or a wily plaintiff can defeat the federal government's interest in providing a federal forum for its agents. We therefore hold that a federal officer defendant's thirty days to remove commence when the plaintiff discloses sufficient facts for federal officer removal, even if the officer was previously aware of a different basis for removal.

Our interpretation of section 1446(b) protects the government's right of removal and encourages plaintiffs to disclose the facts underlying their claims early on. We note that an opposite result would encourage gamesmanship and defeat the policies underlying sections 1442 and 1446. Thirty days for removal is a short period, but the contours of the plaintiff's claims frequently don't emerge until months or even years after the filing of the original complaint. Federal Rule of Civil Procedure 8(a) requires that the plaintiff include in his complaint only "a short and plain statement of the claim showing that the pleader is entitled to relief," and many states, following the federal model, allow similarly sketchy complaints. Absent our holding, a skilled attorney could easily craft a complaint disclosing a basis for removal under section 1441, add one defendant averse to removal, and mask the basis for federal officer removal under section 1442. Indeed, under Rule 8, the plaintiff wouldn't even be doing anything improper by acting that way. But as Judge Friendly wrote in *Bradford*, "the policy of [section 1442] would be frustrated if a plaintiff or a prosecutor, by joining non-federal defendants with no desire to remove, could retain the suit in a tribunal that might 'administer not only the laws of the State, but

equally Federal law, in such a manner as to paralyze the operations of the government.' " *Bradford*, 284 F.2d at 310 (quoting *Davis*, 100 U.S. at 263).

*   *   *

**[9]** The district court held that Lockheed's removal petition was untimely, so it did not reach the question whether Lockheed's federal contractor immunity defense met the substantive requirements of section 1442. *See Acker*, 527 U.S. at 431; *Mesa*, 489 U.S. at 124-25, 131-35 (1989); *Boyle*, 487 U.S. at 512. We likewise express no opinion on the merits of Lockheed's removal. We hold only that Lockheed's removal petition was timely and that Lockheed therefore had an objectively reasonable basis for filing the removal petition. *Martin*, 126 S. Ct. at 708. We therefore reverse the district court's award of fees and costs to Durham.

**REVERSED.**