NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALMONT AMBULATORY SURGERY
CENTER, LLC, a California limited liability
company; et al.,

Plaintiffs-Appellants,

 v.

INTERNATIONAL LONGSHOREMEN'S
AND WAREHOUSEMEN'S UNION-
PACIFIC MARITIME ASSOCIATION
WELFARE PLAN,

Defendant-Appellee,

 and

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION; et al.,

Defendants.

No.   20-55464

D.C. No.
2:14-cv-02177-MWF-VBK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 21, 2021**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: CALLAHAN, OWENS, and FORREST, Circuit Judges.

Appellants[1] appeal from the district court's order awarding attorney fees to Appellee International Longshore and Warehouse Union-Pacific Maritime Association Welfare Plan ("the Plan"). Having jurisdiction under 28 U.S.C. § 1291, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006), we affirm.

1. ***FRCP 26 disclosure.*** Appellants argue the district court erred in awarding fees to the Plan because the Plan violated Federal Rule of Civil Procedure 26 by failing to disclose its insurance policy that provided coverage for the Plan's cost of defense. However, Rule 26 only requires disclosure of "any insurance agreement under which an insurance business may be liable to satisfy all or part of *a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment*." Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added). As the insurance policy here provides coverage only for defense costs, and not coverage for any judgment entered in the underlying action, the Plan did not violate Rule 26.

2. ***ERISA's attorney fee provision.*** Next, Appellants argue that an

---

[1] Appellants are Almont Ambulatory Surgery Center, LLC; CIRO Surgery Center, LLC; East Bay Ambulatory Surgery Center, LLC; Modern Institute of Plastic Surgery & Antiaging, Inc.; New Life Surgery Center, LLC d/b/a Beverly Hills Surgery Center, LLC; West Hills Surgery Center, LLC; Independent Medical Services, Inc.; San Diego Ambulatory Surgery Center, LLC; and Orange Grove Surgery Center, LLC.

insurance company is not permitted to seek attorney fees under ERISA, and here, the real party in interest is the Plan's insurer because it will receive any funds recovered by the Plan. However, ERISA does not require a party to have paid for its defense out of pocket to receive a fee award; attorney fees can be awarded so long as the underlying action was brought "by a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(g)(1). Here, Appellants, who are "beneficiaries" of the Plan, brought the underlying action themselves, thus fulfilling this requirement. *Corder v. Howard Johnson & Co.*, 53 F.3d 225, 229, 231 (9th Cir. 1994). As the Plan was a party to the underlying action, the district court did not err in awarding attorney fees to the Plan. *Id.*

3.      ***Apportionment of fees.*** Appellants argue the fee award was unreasonable because the district court failed to exclude fees incurred during the district court proceedings and fees incurred litigating Appellants' non-ERISA claims. A "district court's decision to award or deny attorney's fees in an ERISA action" is reviewed for abuse of discretion, as is the "district court's determination of the amount of reasonable attorney's fees." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Despite Appellants' contentions, the district court explicitly recognized that the Plan sought attorney fees for both the district court and appellate phases of litigation and separated the two categories in the billings submitted to the district

court. Consistent with its ruling that the Plan was not entitled to district court fees, the court shaved off the over $650,000.00 in fees arising from the district court phase. Furthermore, the district court also explicitly recognized that some of the claims on appeal were non-ERISA claims and reduced the already reduced fee amount by a further ten percent. *See Downey Cmty. Hosp. v. Wilson*, 977 F.2d 470, 474 (9th Cir. 1992). While the district court arguably could have analyzed the award amount with a greater degree of precision, we do not have a "definite conviction that the [district] court made a clear error of judgment" such that it abused its discretion in awarding $208,395.45 to the Plan, especially considering the overlapping issues in the ERISA and non-ERISA claims. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007) (citation omitted); *see, e.g.*, *Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003).

4.      ***Notice of Motion for Fees.*** Finally, San Diego Ambulatory Surgery Center, LLC, and Orange Grove Surgery Center, LLC (San Diego and Orange Grove) argue they did not receive adequate notice or opportunity to be heard regarding the Plan's motion for attorney fees because the Plan neglected to name them specifically in the moving papers. However, whether San Diego and Orange Grove received sufficient notice and opportunity to be heard requires consideration of "all the circumstances." *United States v. Castro*, 78 F.3d 453, 456 (9th Cir. 1996) (citation omitted). While the motion and moving papers do not specifically name

San Diego or Orange Grove, the Plan conferred with all Appellants' counsel to discuss the motion prior to it being filed, as required by the relevant local rules. The Plan's counsel "indicated clearly that [the] motion [was] going to be seeking sanctions and fees against all plaintiffs and all of their attorneys of record." Furthermore, the Plan named San Diego and Orange Grove in its reply brief, to which San Diego and Orange Grove were allowed to file an objection. And San Diego and Orange Grove appeared at the motion's hearing, received time to argue the attorney fees issue, and expressly joined the arguments submitted already by their co-Appellants. In sum, although not initially named in the moving papers, the totality of the circumstances establishes that San Diego and Orange Grove received adequate notice and opportunity to respond before fees were awarded against them. *See FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986).

**AFFIRMED.**