NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEOPLE OF THE STATE OF
CALIFORNIA,

        Plaintiff-Appellee,

  v.

CAREMARKPCS HEALTH LLC,

        Defendant-Appellant,

and

ELI LILLY AND COMPANY; et al.,

        Defendants.

No. 23-55597

D.C. No.
2:23-cv-01929-SPG-SK

MEMORANDUM[*]

PEOPLE OF THE STATE OF
CALIFORNIA,

        Plaintiff-Appellee,

  v.

EXPRESS SCRIPTS, INC.,

        Defendant-Appellant,

and

No. 23-55599

D.C. No.
2:23-cv-01929-SPG-SK

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ELI LILLY AND COMPANY; et al.,

Defendants.

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Argued and Submitted July 11, 2024
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and BATTAGLIA,[**] District Judge.
Concurrence by Judge IKUTA.

The People of the State of California ("California") sued pharmacy benefits managers CaremarkPCS Health, LLC ("Caremark") and Express Scripts, Inc. ("Express Scripts") for conduct which allegedly artificially inflates the price of insulin in California, such as rebate negotiation practices. Caremark and Express Scripts removed the action to federal court, and the district court granted California's motion to remand to state court. We have jurisdiction under 28 U.S.C. § 1447(d). We reverse and remand.

"[W]e review *de novo* a district court's decision to remand a case." *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

---

[**] The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Under 28 U.S.C. § 1442(a)(1), the removing parties have the burden of showing they are "a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) (quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006)); *see also* 28 U.S.C. § 1442(a)(1). To establish a causal nexus under § 1442(a)(1), the removing party has the burden of showing that "(1) [it] was 'acting under' a federal officer in performing some 'act under color of federal office,' and (2) that such action is causally connected with the plaintiff's claims against it." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022), *cert. denied sub nom. Chevron Corp. v. San Mateo Cnty., California*, 143 S. Ct. 1797 (2023).

California's complaint disclaims challenges to and recovery from certain conduct undertaken by Caremark and Express Scripts in relation to two federal government programs: the Federal Employees Health Benefits Act ("FEHBA") and TRICARE, respectively. However, Caremark and Express Scripts correctly point out that the disclaimer fails to *explicitly* release claims or possible recovery from rebate practices as they relate to FEHBA and TRICARE. Thus, as written, California's disclaimer does not necessarily defeat removal, because the rebate

negotiations remain "causally connected to the dispute."[1] *Goncalves*, 865 F.3d at 1244.

Because the district court rested its findings solely on this prong, we reverse and remand to the district court to analyze California's remaining arguments for remanding to state court. *See Cnty. of San Mateo*, 32 F.4th at 755.

**REVERSED AND REMANDED.**

---

[1] Caremark and Express Scripts argue the Ninth Circuit's "causal connection" test should be overruled in light of 2011 amendments to the federal officer removal statute. *See* Removal Clarification Act, Pub. L. No. 112-51, § 2(b)(1)(A), 125 Stat. 545 (Nov. 9, 2011). But we have held that the causal connection test incorporates the "standard reflected in Congress's 2011 amendment." *DeFiore v. SOC LLC*, 85 F.4th 546, 557 n.6 (9th Cir. 2023).

FILED

AUG 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IKUTA, Circuit Judge, concurring only in the judgment:

The key question here is whether Caremark's actions on behalf of the federal government are causally connected with the claims in California's complaint. *See DeFiore v. SOC LLC*, 85 F.4th 546, 557 (9th Cir. 2023) (stating that the second prong of the causal nexus requirement under 28 U.S.C. § 1442(a)(1) is whether "the actions [the defendants] took which gave rise to the [plaintiffs'] claims resulted from their work for [the federal government]"). If there is no causal nexus, then removal of California's complaint to federal court was improper.

The complaint's central claim is that Caremark's negotiation of rebates with drug manufacturers artificially inflated the price of insulin. "In assessing whether a causal nexus exists" between Caremark's actions for the federal government and this claim, we must credit Caremark's "theory of the case." *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014). Caremark contends that it engages in a single rebate negotiation on behalf of both private clients and the federal government. Under this theory of the case, which we must credit, if Caremark were liable for negotiating rebates on behalf of private clients, it would necessarily also be liable for negotiating rebates on behalf of the federal government—because it is the same negotiation. This means there is necessarily a causal connection between

Caremark's negotiations for the federal government and California's claims.[1]

California argues that it can sidestep this conclusion by disclaiming any claim based on Caremark's negotiations on behalf of the federal government. But even if California's complaint had included such a disclaimer (which it did not, *see* Maj. Op. 3–4), it still would not have defeated removal under § 1442(a)(1), because Caremark's work for private clients cannot be disaggregated from its work for the federal government. Therefore, in targeting Caremark's rebate negotiations for private clients, California necessarily also targets Caremark's rebate negotiations for the federal government (since they are the same negotiations). The majority fails to recognize or address this issue—which is Caremark's central argument—and therefore errs in concluding that a more carefully drafted disclaimer would defeat removal.

Because no disclaimer, however worded, can help California avoid a causal nexus between Caremark's conduct on behalf of the federal government and California's claims, I would remand for further consideration of two other elements required for removal: whether Caremark and Express Scripts showed that they

---

[1]The same analysis applies to Express Scripts. If Express Scripts were held liable for its conduct relating to relying on manufacturers' list prices, it would necessarily be liable for conduct relating to its work for the federal government, because the same list prices were applicable to both government and non-government clients.

2

were "'acting under' a federal officer in performing some 'act under color of federal office,'" *DeFiore*, 85 F.4th at 554 (quoting *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022)), and whether they "can assert a 'colorable federal defense,'" *id.* at 553 (quoting *Goncalves ex rel. Goncalves v. Rady Childs. Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017)).