NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Jane Doe, | No. 23-55500 |
| Plaintiff - Appellee, | D.C. No. 8:23-cv-00444-CJC-ADS |
| v. | |
| Hoag Memorial Hospital Presbyterian, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| Kelly Davis, | No. 23-55649 |
| Plaintiff - Appellee, | D.C. No. 8:23-cv-00772-CJC-ADS |
| v. | |
| Hoag Memorial Hospital Presbyterian, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 12, 2024[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: EBEL, BADE, and FORREST, Circuit Judges.***

Hoag Memorial Hospital Presbyterian appeals two district court orders remanding putative class action complaints—one brought by plaintiff-appellee Jane Doe, and another brought by plaintiff-appellee Kelly Davis—to California state court. Having jurisdiction under 28 U.S.C. § 1447(d), we affirm.

Plaintiffs brought claims under only California law in California state court on behalf of all California residents who accessed Hoag's website. They challenged Hoag's use of the Meta Pixel tool on its website—a piece of code offered by Meta (formerly Facebook) to assist in advertising and driving traffic to websites. Hoag removed both cases to federal court, alleging that removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Both plaintiffs moved to remand their respective cases to state court, and the district court granted both motions. Hoag timely filed its notice of appeal from both remand orders, and this court consolidated the appeals.

"[W]e review *de novo* a district court's decision to remand a case." *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

---

*** The Honorable David M. Ebel, United States Senior Circuit Judge for the Court of Appeals, 10th Circuit, sitting by designation.

There are three requirements for removal by a private defendant under § 1442(a)(1), all of which must be satisfied for removal to be proper. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). One of the three requirements is that there be "a causal nexus between [the defendant's] actions, taken pursuant to a federal officer's directions, and plaintiff[s'] claims." *Id.* "To demonstrate a causal nexus, the private person must show: (1) that the person was 'acting under' a federal officer in performing some 'act under color of federal office,' and (2) that such action is causally connected with the plaintiff's claims against it." *County of San Mateo v. Chevron Corp.,* 32 F.4th 733, 755 (9th Cir. 2022) (citation omitted), *cert. denied sub nom. Chevron Corp. v. San Mateo County, California*, 143 S. Ct. 1797 (2023).

Hoag fails to establish that it was "acting under" a federal officer when it used the Meta Pixel tool in developing and maintaining its website, as would be required for removal under § 1442(a)(1). Hoag argues that it was acting under a federal officer because it developed and maintained its website pursuant to the Department of Health and Human Services' "Meaningful Use Program." Hoag's argument is foreclosed by our opinion in *Doe v. Cedars-Sinai Health Sys.,* No. 23-55466, 2024 WL 3308893 (9th Cir. July 5, 2024). In *Cedars-Sinai*, a hospital was sued in state court for its use of tracking technologies—including the Meta Pixel tool—on its website and patient portal, and the hospital argued that removal was

proper under § 1442(a)(1) because it developed its website and patient portal pursuant to the objectives and requirements of the Meaningful Use Program. *Cedars-Sinai*, 2024 WL 3308893, at *2–3. We rejected the hospital's arguments and held that it did not "act[] under" a federal officer when it developed and maintained its website. Id. at *6–8.

We are bound by the decision in *Cedars-Sinai*. *See Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003). Therefore, we hold that Hoag did not "act under" a federal officer when it developed and maintained its website, as required for removal under § 1442(a)(1).

**AFFIRMED.**